# Richmond.

DAWES v. NEW YORK, PHILADELPHIA & NORFOLK R. CO.

FEBRUARY 8, 1899.

Absent, Cardwell, J.

1. STATUTE OF LIMITATIONS—*Sec. 2934 of Code—Further Time Allowed.*— The word "action" in sec. 2934 of the Code is used in a technical sense, and applies to actions at law only, and not to suits in equity. A party who has first brought a suit in equity which has been dismissed, and then, within one year from such dismissal, instituted his action at law for the same matter, is not entitled.to the benefit of said section. The provision of the section, however, which authorizes a new suit to be brought within one year in consequence of the loss or destruction of papers or records in a former suit which was in due time, includes both actions at law and suits in equity.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in an action of *assumpsit* wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

In March, 1892, the plaintiff in error and a number of others instituted a suit in equity to enjoin the defendant in error from collecting of them illegal wharfage, and for an account of the sums already illegally demanded and collected on that account. On appeal to this court it was held that the complainants in that suit were not entitled to the account prayed for. *New York, etc. R. Co.* v. *Williams & Co. and Others,* 94 Va. 422. Thereupon the plaintiffs in error instituted the present action of *assumpsit* to recover $632.45 paid for illegal wharfage prior

to June, 1892. Nearly all of this sum was paid before the institution of the suit in chancery, and was sought to be recovered in that suit. The plaintiffs in error contended that the suit in chancery was " commenced within due time," and that the reversal of the decree in that suit was " upon a ground which does not preclude a new action for the same cause," and that therefore the action of *assumpsit* was in due time.

*Heath & Heath*, for the plaintiff in error.

*Borland & Wilcox*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

It is plain that this suit, under the pleadings, cannot be maintained unless the right to bring it is preserved by sec. 2934 of the Code, for otherwise, as is conceded, the entire claim is barred by the statute of limitations.

Whether the right to bring it is so preserved depends upon the sense in which the word " action " is used in that section; whether the Legislature, in enacting the law, used the word in a technical sense and meant it to apply only to actions at law, or also to include suits in equity.

The phraseology of the statute admits of no doubt as to its proper construction. Such of its provisions as have any bearing on this case apply, by their very terms, to actions which, for specified causes, *abated*, and to actions commenced within due time, in which *judgment* for the plaintiff was *arrested* or *reversed* upon a ground which does not preclude a new action for the same cause; and provide that a new action or suit may be brought within one year after such *abatement*, or such *arrest* or *reversal* of *judgment*. All these terms are peculiar to actions at law, and are wholly inapplicable to suits in equity. We do not speak of suits in equity *abating*, but only of actions at law; nor do we speak of the *arrest* of decrees, but only of *judgments*.

Sec. 2934 was taken literally from the Code of 1849; and the particular provisions under consideration were taken by the revisors of that Code from 1 Rev. Code 1819, chap. 128, sec. 10, and, along with a similar provision from the act of January 13, 1842 (Acts 1841-2, p. 56), made sec. 18, of chap. 149, of the Code of 1849. It will be seen on examining the Code of 1819 that the words " actions or suits " were there used interchangeably, and referred expressly to actions or suits mentioned in that chapter, all of which were actions at law.

The statute was originally taken from the 4th sec., chap. 16, of the statute, 21 James 1, and many of the other States also adopted it, or have a similar statute. Being a remedial statute, it has been liberally construed and held to apply to cases not expressly within its provisions, but by an equitable construction within its spirit. *Barker* v. *Millard*, 16 Wend. 572; *Coffin* v. *Cottle*, 16 Pick 383, and 1 Rob. Pr. 605–606, and the cases there cited. An examination of the cases declared to be within the equity or spirit of the statute shows that they were all actions or proceedings at law. We have found no case in which it was held to be applicable to a suit in equity.

In *Gray* v. *Berryman*, 4 Munf. 181, and in *Elam* v. *Bass*, *Id.* 301, which were decided under the statute of December 19, 1792, the language whereof is exactly the same as it is in the Code of 1819, it was held that a party who had brought his suit in equity, which was dismissed for want of jurisdiction, and then renewed his suit at law for the same matter within one year from the dismissal of the suit in equity, was not entitled to the benefit of the statute. It would, however, be otherwise now, under sec. 2934 of the present Code as amended by the act of March 5, 1894 (Acts 1893–94, p. 789), and by the act of February 8, 1898 (Acts 1897–98, p. 252), where the plaintiff had proceeded in the wrong forum, or brought the wrong form of action.

The precise question before us arose upon a similar statute of the State of Alabama in the case of *Roland* v. *Logan,* 18 Ala. 307, and it was there held that the statute did not authorize the bringing of an action at law within a year after the dismissal of a bill in equity for the same subject-matter. See also 2 Wood on Limitations (2d Ed.), sec. 295.

The provision of sec. 2934, which authorizes a new *suit* to be brought within one year in consequence of the loss or destruction of any of the papers or records in a former suit which was in due time, includes both suits at law and suits in equity. This manifestly appears from the act of January 13, 1842, above referred to, from which this particular provision was taken by the revisors of the Code of 1849. Hence the use of both words, "action" and "suits," in the concluding clause of the section. They are there used, not interchangeably, but distributively—the one applying only to actions at law, and the other to suits both at law and in equity.

No good reason is perceived why the other provisions of sec. 2934 should have been limited in their enactment to actions at law. The object of the statute is to prevent the miscarriage of justice. The reason for its enactment applies to suits in equity as well as to actions at law. It is matter of regret that we are forced to give the particular provisions in question a restricted construction. We can only say, *ita lex scripta est.*

The judgment of the court below must be affirmed.

*Affirmed.*