## Richmond

### TYSON, CLERK, v. SCOTT AND OTHERS.

March 12, 1914.

Absent, Cardwell, J.

1. WILLS—*Probate—Jurisdiction.*—The whole subject of probate of wills rests upon and is regulated by statute law, and the courts, in admitting a will to probate are confined to the simple question, whether the paper admitted to probate is the true last will and testament of the deceased, and cannot be extended further, for the jurisdiction of a court to probate is not to ascertain and enforce rights of property but to establish, preserve and perpetuate an important muniment of title.

2. APPEAL AND ERROR—*Jurisdiction—Limitation of Actions.*—The jurisdiction of this court rests wholly upon the written law and can be exercised only in obedience to the constitution and laws passed in pursuance thereof. Statutes of limitation are deemed statutes of repose, and this conception of such statutes applies with peculiar force to limitations upon the right of appeal. When the legislature has prescribed the method for the exercise of the right of appeal or supervision, such method is exclusive, and neither court nor judge can modify these rules without express statutory authority, and then only to the extent specified.

3. WILLS—*Appeal from Clerk—Limitation—Code* (1904) *Sections 2639-a and* 2934.—The right of appeal from the order of a clerk admitting a will to probate under section 2639-a of the Code (1904) is more in the nature of an appeal than a writ of error. It is assimilated to an appeal in that there is a continuation of the same case upon the same evidence, and the case is simply heard *de novo* in the higher tribunal. The appeal is not the bringing of a *"new suit,"* but a prolongation and continuance of the old one, and hence the time for taking the appeal prescribed by section 2639-a of the Code (1904) is not extended by the provisions of section 2934 of the Code (1904) giving an extension in certain case "if there be occasion to bring a new suit."

4. Statutes—*Construction.*—In the construction of statutes, the courts have but one object, to which all rules of construction are subservient, and that is to ascertain the will of the legislature, the true intent and meaning of the statute, which is to be gathered by giving all the words used their plain meaning, and construing all statutes *in pari materia* in such manner as to reconcile, if possible, any discordant feature which may exist, and make the body of the laws harmonious and just in their operation.

Error to a judgment of the Circuit Court of Northampton county in a proceeding by *mandamus.* Judgment for the petitioner. Defendants assign error.

*Reversed.*

The opinion states the case.

*C. V. Meredith* and *Otho F. Mears,* for the plaintiff in error.

*Wescott & Turlington* and *Jeffries, Wolcott, Wolcott & Lankford,* for the defendants in error.

Keith, P., delivered the opinion of the court.

This suit originated in a petition for a mandamus filed by Clinton Scott and others in the Circuit Court of Northampton county, in which they show that on the 27th of July, 1910, Mrs. Henrietta S. Scherer departed this life after having executed her last will and testament, and after having executed what purported to be a codicil thereto; that on the 2nd day of August, 1910, the executor named in the will presented the paper to R. W. Nottingham, then clerk of the Circuit Court for the county of Northampton, for probate, and it was accordingly admitted to probate as and for the last will and testament of Mrs. Scherer; that petitioners are devisees

under the will and but for the codicil would be entitled
to share in testatrix's estate as devised therein; that
within one year from the probate of the will and alleged
codicil, to-wit, on the 10th day of October, 1910, peti-
tioners, except Clinton Scott and Bettie J. Scott, filed in
the Circuit Court of Northampton county a bill in equity
to impeach the said will and codicil, as provided in sec-
tion 2544 of the Code of Virginia. Under this bill issues
were made up as provided by law, and four trials by jury
were had to ascertain whether any, and, if any, how much
of the alleged codicil was the will of the decedent. At
the last trial the jury returned a verdict as follows:
"We, the jury, upon the issue submitted to us, find that
the paper writing dated the .... day of September, A.
D., 1895, admitted to probate as a codicil to the testa-
mentary paper of Henrietta S. Scherer, dated March
15th, 1881, is not a true and valid codicil to said testa-
mentary paper," upon which verdict a decree was en-
tered by the Circuit Court of Northampton county, which
is filed with the petition as Exhibit No. 3. From that
decree an appeal was taken to the Supreme Court of Ap-
peals, which court, in November, 1912, entered a decree
reversing the action of the court below and dismissing
the bill of petitioners, solely upon the ground that the
suit could not be maintained until after an appeal had
been taken upon the action of the clerk in admitting the
will and codicil to probate, as provided under section
2639-a of the Code. It thus appears that the decree had
been entered solely upon the ground that the petitioners
had proceeded in the wrong forum and brought the
wrong form of action to test the validity of the codicil.
"Wherefore your petitioners are advised that they have
the right now, under the statute law of Virginia, to ap-
peal from the action of the said clerk of the said court in
probating the said will and so-called codicil, as herein-

before set forth, within one year after the entry of the decree aforesaid. On the 21st day of January, A. D., 1913, your petitioners presented and tendered to the said George T. Tyson, clerk of the Circuit Court for the county of Northampton, themselves as principals, and S. James Turlington, and L. Floyd Nock, as sureties, for the purpose of executing a bond, as provided by law, and made application to him to enter an order in his order book allowing an appeal from the order of the said R. W. Nottingham, then clerk of the said court, admitting said will and so-called codicil to probate, and to docket the same as a preferred cause for trial at the next term of the said Circuit Court of Northampton county, and to do such other things as the law requires to be done in order to perfect said appeal. . . . Yet the said George T. Tyson, clerk of the Circuit Court for Northampton county, Virginia, illegally and without authority of law, has refused and still doth refuse to allow your complainants to appeal from the said order admitting said will and so-called codicil to probate, and refuses to enter in his order book an order allowing such appeal and to docket the same for trial at the next term of the said court, as required by law, and refuses to do any of the things required by law in order for your petitioners to make and perfect their appeal from the order of the said R. W. Nottingham then clerk of the said court admitting the same, to probate. Your petitioners are advised that under the circumstances they have the right to apply to this honorable court for a mandamus to compel the said clerk to allow your petitioners to take an appeal from the said order of the said R. W. Nottingham, then clerk of said court, entered on the 2nd day of August, A. D. 1910, admitting said will and so-called codicil to probate, and to accept the bond which your petitioners have offered, as provided by law, to enter in his order

book an order allowing such an appeal, and to docket the same as a preferred cause for trial at the next term of the said Circuit Court of Northampton county, and to do all other things which are necessary or requisite in order for your said petitioners to take and perfect their said appeal."

To this petition George T. Tyson, clerk of the circuit court was made a party, and he demurred to and answered the petition; and the cause coming on to be heard before the circuit court, and it being agreed by counsel that all of the questions arising upon the demurrer should be heard and considered upon the hearing of the case upon its merits, and the case then being fully heard upon the petition and the exhibits filed therewith, and the answer of the respondent and the exhibits filed therewith, the demurrer, and the arguments of counsel, the court took time to consider thereof; and at a subsequent day an order was entered overruling the demurrer and awarding a writ of mandamus in accordance with the prayer of the petition, directing the clerk to accept the appeal bond tendered, and to forthwith enter in his order book an order allowing an appeal for which petitioners applied on the 23rd day of January, 1913; and to that order a writ of error was allowed by one of the judges of this court.

The section of the Code (2639-a) by virtue of which clerks of the circuit and corporation courts are authorized to admit wills to probate, was before this court in the case of *Saunders* v. *Link,* 114 Va. 285, 76 S. E. 327, where it was held, that "An order of a clerk of a circuit court admitting a will to probate *ex parte,* from which no appeal is taken in the manner prescribed by section 2639-a of the Code (1904), is final and conclusive, and cannot be collaterally attacked. No bill to impeach the will lies under section 2544 of the Code. The latter section applies only to *ex parte* probates in court, under that

section.  A clear distinction is drawn in the statutes between an *ex parte* probate before a clerk, which is provided for by section 2639-a *supra,* and a probate before a court which is provided for by section 2544, *supra.*"

In that case a will had been admitted to probate before the clerk of the court, and the parties filed a bill attacking it under section 2544 of the Code.  To this bill there was a demurrer, upon the ground that the will had been admitted to probate before the clerk, and no appeal having been taken as provided by the statute, the sentence was final and was not amenable to collateral attack, and that consequently the circuit court was without jurisdiction to maintain the suit.  The court overruled the demurrer and subsequently entered a decree granting the relief prayed for in the bill.  From that decree an appeal was allowed, and this court held, as already stated, that the probate before the clerk, from whose order no appeal was taken, was final and conclusive and could not be collaterally attacked.

The precise question was presented to the court with respect to the will of Mrs. Scherer, which had been admitted to probate by the clerk of the Circuit Court of Northampton county.  Thereupon a bill had been filed under section 2544, which resulted in a sentence from which an appeal was taken to this court, which was subsequently dismissed upon the authority of *Saunders* v. *Link, supra.*  In the mean time more than a year had elapsed, and the right of appeal given by section 2639-a of the Code was barred; and the only question presented by this record is whether or not section 2934, which gives further time when a suit abates or is defeated on some ground not affecting the right to recover, applies and preserves to defendants in error their right of appeal from the order of the clerk admitting the will and codicil in question to probate.

Section 2934 is as follows: "If an action commenced within due time in the name of or against one or more plaintiffs or defendants abate as to one of them by the return of no inhabitant or by his or her death or marriage, or if in an action commenced within due time judgment for the plaintiff shall be arrested or reversed upon a ground which does not preclude a new action for the same cause, or if there be occasion to bring a new suit by reason of the loss or destruction of any of the papers or records in a former suit which was in due time, or if in any pending cause or in any action or suit hereafter commenced within due time in any of the courts of this Commonwealth the plaintiffs proceed or have proceeded in the wrong forum or bring the wrong form of action or against the wrong defendant and judgment is rendered against the plaintiff solely upon such ground, in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, or arrest, or reversal of judgment, or loss or destruction, or judgment against the plaintiff, but not after; provided, however, that the time that any such action or suit first brought shall be pending in any appellate court shall not be included in the computation of said year."

That part of this section ending with the comma immediately after the words "same cause," has already been treated by this court in *Dawes* v. *N. Y. &c. R. Co.,* 96 Va. 733, 32 S. E. 778 in which the word "action" was held to apply to actions at law only and not to include suits in equity. The case of defendants in error, therefore, must depend upon the construction of the statute beginning with the words "or if there be occasion to bring a new suit by reason of the loss or destruction of any of the papers or records in a former suit which was

in due time, or if in any pending cause or in any action or suit hereafter commenced within due time in any of the courts of this Commonwealth the plaintiffs proceed or have proceeded in the wrong forum or bring the wrong form of action or against the wrong defendant and judgment is rendered against the plaintiff solely upon such ground, in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year'' &c.

It may be well to state before discussing the statute, that the whole subject of the probate of wills rests upon and is regulated by statute law, and that the courts in admitting a will to probate are confined to the simple question, whether the paper admitted to probate was the true last will and testament of the deceased, and cannot be extended further, for the jurisdiction of a court to probate is not to ascertain and enforce rights of property, but to establish, preserve and perpetuate an important muniment of title. *Coalter* v. *Bryan;* 1 Gratt. (42 Va.) 18; *Kirby* v. *Kirby,* 84 Va. 628, 5 S. E. 539; *Lambert* v. *Cooper,* 29 Gratt. (70 Va.) 61.

It is also true that the jurisdiction of this court rests wholly upon the written law and can be exercised only in obedience to the Constitution and laws passed in pursuance thereof. Statutes of limitation are deemed statutes of repose, and this conception of such statutes applies with peculiar force to limitations upon the right of appeal. These principles are too elementary to render necessary the citation of authority.

As was well said in *Savings, &c. Co.* v. *Polk,* 121 Iowa, 1, 95 N. W. 522 ''When the legislature prescribes the method for the exercise of the right of appeal or supervision, such method is exclusive, and neither court nor judge may modify these rules without express

statutory authority, and then only to the extent speci-
fied.''

It will be observed that section 2639-a, which con-
fers jurisdiction on clerks to admit wills to probate, pro-
vides that any person interested may within one year
after the entry of such an order appeal therefrom as a
matter of right upon giving bond as required by law to
the court whose clerk has made the order. ''Upon ap-
plication being made for such appeal, the said clerk shall
enter forthwith in his order book an order allowing such
appeal and docket the same as a preferred cause for
trial at the next term of the court.'' Now an appeal, as
is well settled in this State, is not the institution of a new
suit, but the removal and continuation of an old one.

In Burks on Pleading and Practice, at section 372, it
is said: ''For practical purposes, though perhaps not
technically accurate, we may say that, under existing
rules of practice, an appeal lies from a lower to a higher
court, and is a continuation of the same case upon the
same evidence before the higher tribunal, and the case
is simply heard *de novo* before the higher tribunal. It
is a rehearing before the higher court, with no presump-
tions against the appellant, except in case of doubt,
where the decision of the lower tribunal will be affirmed.
With this exception, the decision of the lower court has
no effect. An appeal lies in a suit in chancery. The
party taking the appeal is called the appellant. The de-
fendant to the appeal is called the appellee.

''A writ of error lies in a common law action or crim-
inal case, and is in the nature of a new suit. It is award-
ed by a superior to an inferior court of record, and
operates to transfer the record of the case (but nothing
else) to the superior court, where the judgment of the
inferior court is reviewed. Upon such review the ap-
pellate court either affirms or reverses the judgment of

the lower court, and if it reverses, enters such judgment as the inferior court ought to have entered. On a writ of error generally only questions of law are reviewed. In the Federal courts, and in many of the State courts, the findings of the trial courts upon questions of fact are conclusive.''

The decisions are to the same effect.

In *Wiscart* v. *Dauchy,* 3 Dall. 321, 1 L. Ed. 619, it is said: ''An appeal is a process of civil law origin, and removes a cause entirely; subjecting the fact as well as the law to a review and retrial; but a writ of error is a process of common law origin, and it removes nothing for examination but the law.'' See also, *Stuart* v. *Hoffman,* 108 Va. 307, 61 S. E. 757; *Montana Co.* v. *Mining Co.,* 152 U. S. 171, 14 Sup. Ct. 506, 38 L. Ed. 398.

We do not mean that the proceeding authorized by section 2639-a is a suit in chancery, but that it is more nearly similar to a proceeding in chancery than to one at law—to an appeal and its consequences rather than a writ of error. Between the proceeding authorized by statute and that by appeal from a decree in a suit in chancery there is this point of resemblance, which is determinative of the question under consideration: that in both alike there is a continuation of the same case upon the same evidence, and the case is simply heard *de novo* in the higher tribunal.

It is not for us to relax or to extend a statute of limitations. It must be construed as it is written, and section 2934, the only statute which can be at all relied upon to give to the defendants in error the relief which they ask, is confined by its terms to the time in which a ''*new suit*'' must be brought ''by reason of loss or destruction of papers or records in a former suit, which was in due time or if in any pending cause or in any action or suit thereafter commenced within due time, in

any of the courts of this Commonwealth the plaintiffs proceed or have proceeded in the wrong forum, or bring the wrong form of action or against the wrong defendant and judgment is rendered against the plaintiff solely upon such ground, in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year.''

By the very terms of the statute the petition does not state a case which it covers. It does not seek to bring a new suit, but by appeal to prolong and continue an old one.

The courts are often placed in positions of great difficulty. On the one hand there is an urgent demand on the part of the public (oftentimes well founded) for the codification of the laws, so that rights and remedies may be concisely and plainly dealt with, fixed and ascertained; but as soon as such a statute is passed the courts are besieged with a like urgency to overstep the limits prescribed by the letter of the law and to give relief in cases which the statute does not embrace. In the construction of statutes, the courts have but one object, to which all rules of construction are subservient, and that is to ascertain the will of the legislature, the true intent and meaning of the statute, which are to be gathered by giving to all the words used their plain meaning, and construing all statutes *in pari materia* in such manner as to reconcile, if possible, any discordant feature which may exist, and make the body of the laws harmonious and just in their operation. Beyond these limits the courts have no power in dealing with rights created, measured, limited and enforced by positive statutes.

We are of opinion that the circuit court erred in awarding the mandamus, and its judgment must be reversed.

*Reversed.*