# Staunton.

## Lula E. McGlothlin v. I. M. Keen.

September 18, 1924.

1. Appeal and Error—*Probate of Will.*—The right of appeal from the order of a clerk admitting a will to probate is more in the nature of an appeal than a writ of error.
2. Wills—*Probate—Jury Trial—Code of 1919, Section 5257.*—Section 5257 of the Code of 1919 in relation to probate proceedings provides that if any person interested ask it, the court shall order a trial by jury, to ascertain whether a paper be the will of a decedent.

    *Held:* That in every proceeding relating to the probate of a will whether it be an appeal from the action of the clerk of a court in admitting a will to probate or whether it has reference to a motion made to the court in the first instance to probate a will, an interested party may demand the jury, and an heir at law is an interested party. The statute is mandatory, and deprives the court of all discretion when a request for a jury is made.
3. Wills—*Probate—Trial by Jury—Section 5257 of the Code of 1919.*—Upon the trial provided by section 5257 the mode of proceeding is substantially the same as the trial of an issue *devisavit vel non.* In other words the question involved should be tried as is now provided by statute for the trial of civil cases by a jury.

Appeal from a decree of the Circuit Court of Buchanan county, admitting a will to probate. Contestant appeals.

*Reversed.*

The opinion states the case.

*Williams & Combs,* and *S. H. & Geo. C. Sutherland,* for the appellant.

*W. A. Daugherty,* and *A. A. Skeen,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

This is a case which comes up on an appeal from the action of the trial court in the matter of the probate of an alleged will of Mary A. Keen, deceased.

[1] The parties litigant will be referred to as appellant and appellee, as "the right of appeal from the order of a clerk admitting a will to probate is more in the nature of an appeal than a writ of error." *Tyson, Clerk,* v. *Scott,* 116 Va. 243, 81 S. E. 57.

It appears from the record that Mary A. Keen, whose maiden name was McGlothlin, intermarried with one Everett Fuller, and to this union was born two children, a boy and the appellant, who intermarried with one Harve McGlothlin; that after the death of Fuller the alleged testatrix intermarried with one I. M. Keen, the appellee.

On September 7, 1921, Mary A. Keen executed an alleged will, by which she devised and bequeathed all her "land, money in bank, household and kitchen furniture" to her husband, I. M. Keen.

A short time after the execution of this paper she was found in a well, dead, with a rock tied in her apron that weighed several pounds and another rock in her pocket, and other circumstances that left no doubt she committed suicide.

This paper, on the motion of Keen, was admitted to probate by the clerk of the court of Buchanan county, pursuant to section 5249, Code of 1919.

From this action, admitting the paper to probate, an appeal was taken by appellant to the circuit court, which appeal was docketed according to law.

Upon the calling of the case for trial, appellant, by counsel, moved the court for a jury to try the issue as to whether or not the paper was the last will and testament

of Mary A. Keen, but the court refused to order a trial by jury and proceeded, without a jury, to decide the question of probate.

The assignments of error are three in number:

(1) The court erred in refusing petitioner a jury trial on the question whether the paper proposed was the will of the deceased, Mary A. Keen.

(2) The court erred in refusing to admit certain testimony proposed and offered at the hearing.

(3) The court erred in admitting the paper proposed and offered as the last will of Mary A. Keen, because—

(a) The same had not been proven to have been executed as provided by law;

(b) The alleged testator was incompetent to execute said paper or make a will because *she was not of sound mind and disposing memory* at the time the paper was alleged to have been executed; and,

(c) Because of fraud and undue influence practiced by Marion Keen, her husband, I. M. Keen, and those acting in conjunction with him on the said Mary A. Keen, before and at the time the paper was alleged to have been executed.

[2] In disposing of the first assignment of error, it will be necessary to review the provisions of the Code of 1919, relating to the probate of wills.

Section 5247 of the Code provides that "the circuit and corporation courts of the Commonwealth, and the clerks of the said circuit courts, shall have jurisdiction of the probate of wills * * ."

Section 5249 again confers upon a clerk of the circuit court the power to admit a will to probate when offered for such purpose. This section further provides that any person *interested* may, within one year, appeal from the action of the clerk in admitting a will to probate, and the court, at any term, shall hear and determine

the matter as though it had been presented to the court in the first instance.

Section 5257 is as follows: "In every such proceedings the court may require all testamentary papers of the same decedent to be produced. *If any person interested ask it, it shall order a trial by a jury*, to ascertain whether any paper, or if there be more than one, which of the papers produced be the will of the decedent, *and if no such trial be asked,* shall proceed *without it* to decide the question of probate." (Italics supplied.)

From these sections of the Code it will be seen that the rights of a party interested in the probate of a will are fixed and certain. In this case there is no controversy as to appellant being an interested party. She is the daughter of the alleged testatrix and, in the event she prevails in her contention, one of her heirs at law.

In construing section 5257, to our mind the language employed therein is plain and unambiguous. The language "in every such proceedings," unmistakably means in every such proceeding relating to the probate of a will, whether it be a proceeding on an appeal from the action of the clerk of a court in admitting a will to probate or whether it has reference to a motion made to the court in the first instance to probate a will.

In construing the term "proceeding" under section 34, chapter 118 of the Code of 1873, which is similar to section 5259, Lewis, P., in delivering the opinion of the court in *Dillard* v. *Dillard's Ex'r, et al.*, 78 Va. 208, said: "The case turns upon the construction to be given to the term 'proceeding' as thus used in the statute. And we think it refers to the *entire* proceeding, including the order admitting the will to probate or rejecting it."

The language in the statute, "if any person interested ask it, it (the court) shall order a trial by jury," etc., is mandatory and deprives the court of all discretion in the premises, when the request is made.

That this conclusion is beyond dispute is made plain by the concluding sentence of the statute wherein the province of the court in such matters is clearly defined, to-wit: "*If no such trial be asked" then it shall be the duty of the court to proceed* without a jury to decide the question of probate.

Section 5257 giving a right of trial by jury is manifestly intended to be put on the same plane as section 5259 wherein it is provided, "a person interested * * * may proceed by bill in equity to impeach or establish a will, on which bill a trial by jury shall be ordered."

[3] Upon the trial provided by section 5257, the mode of proceeding is substantially the same as the trial of an issue *devisavit vel non.* In other words, the question involved should be tried as is now provided by statute for the trial of civil cases by a jury.

For the error committed by the trial court in refusing the request of the appellant to order a trial by a jury, to ascertain whether the paper produced be the will of the decedent, Mary A. Keen, the case must be reversed and remanded for further proceedings not inconsistent with the views in this opinion, and this action renders it unnecessary to notice subordinate assignments of error.

*Reversed.*