## CIRCUIT COURT OF FREDERICK COUNTY

Lester Weber

v.

Jerry Goodman et al.

June 8, 1970

By JUDGE ROBERT K. WOLTZ

I have had opportunity to review *Johnson v. Merritt*, 125 Va. 162 (1919), and *Tyson v. Scott*, 116 Va. 243 (1914), and find that they have no particular application to the specific point involved in this case.

Here the plaintiff sues by motion for judgment for personal injuries alleged to have been received in an accident February 22, 1968. Motion for judgment was filed in the Clerk's Office, February 24, 1970, and the defendants filed plea of the statute of limitations on the grounds that the suit was commenced two years and two days subsequent to the accident alleged to have resulted in personal injuries to the plaintiff. There is no dispute that § 8-24 of the Code, providing for "action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued" is the applicable limitations statute. Likewise there is no dispute that the date of alleged accident and the date of filing suit for injuries sustained were, respectively, February 22, 1968, and February 24, 1970.

The right of the plaintiff accrued February 22, 1968, and by § 8-24 he had the right to bring action "within two years next after that date." The computation of time under § 8-24 is governed by the provisions of

Section 1-13.3 which *inter alia* provides when by statute an act is to be done "within a certain time after any event. . . that time should be allowed in addition to the day on which the event. . . occurred." The event having occurred February 22, 1968, that date is excluded in the computation of the two-year period, and the two-year period is counted commencing with February 23, 1968. February 23, 1968, is counted in computing the two-year period which as a consequence ends with expiration of February 22, 1970. Under these statutes the plaintiff's right of action was brought two days after the bar of the limitation thereon went into effect.

By virtue of § 2.1-21 specifying legal holidays, February 22, George Washington Day, is a legal holiday and that section further provides that whenever any legal holiday falls on Sunday, the Monday next following shall be a legal holiday. February 22, 1970, fell on a Sunday and the Monday following was consequently a legal holiday. The plaintiff cites a provision in Rule 3:13 of the Rules of Court providing "Should the last day of any period *fixed by these Rules* or by the Court fall on Sunday or a legal holiday, the period shall be deemed extended through the next following day which is not Sunday or a legal holiday" (emphasis added) to substantiate his contention that the action was timely brought despite being two days beyond the period set by the statute of limitations. The extension of time allowed by this provision, however, by the terms of the Rule itself applies only to time limits fixed by the Rules or by a court. As a result this provision would not govern a period fixed by statute, including a statute of limitation.

A similar provision appears in § 1-13.27 which refers to holding of court or the taking place of any other proceeding directed by law. But this statute has no application since the filing of an action for personal injury is "not a proceeding directed by law to take place." This statute and the above Rule, nonetheless, are each respectively indicative of a legislative and judicial intent that as a matter of ·public policy in the one case and as a matter of administration of justice in the other that litigants should not be "caught short" because the last day on which they could do or take certain specified acts or steps fell on Sunday or a legal holiday.

The statute which does cover the peculiar situation presented is § 1-13.3:1: "When the last day fixed by statute, or by rule of the Supreme Court of Appeals for the commencement of any proceeding, for any paper to be served, delivered or filed, or for any other act to be done in the course of judicial proceedings falls on a Saturday, Sunday, or a legal holiday, the proceeding may be commenced, the paper may be served, delivered or filed and the act may be done on the next day that is not a Saturday, Sunday, or legal holiday." The last day "fixed by statute" for the plaintiff to commence this action was by application of §§ 8-24 and 1-13.3 February 22, 1970. Rule 3:3 of the Rules of Court provides in part "An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto." The plaintiff did file his motion for judgment in the clerk's office on Tuesday, February 24, 1970, and as of that date the action was commenced and was then instituted and pending as to the defendants. As of that date his action for personal injuries was then "brought" as contemplated by § 8-24, under which section standing alone it should have been brought two days previously. But § 8-24 when read in conjunction with § 1-13.3:1 is, under the special fact situation here, modified, such modification being in the nature of an amelioration resulting in effect in a statute of limitations of two years and two days, the public policy apparently being that where the last day of a statute of limitation falls upon a Sunday or legal holiday public policy is better served by a slight extension of the time allowed than by a slight reduction in the time allowed.

It is the opinion of the court that the plaintiff's action was timely brought and the defendants' plea of limitations should be overruled.