# CIRCUIT COURT OF THE CITY OF NORFOLK

Centex Construction Co., Inc.

v.

Norfolk Airport Authority

April 5, 2000

Case No. (Chancery) CH00-515

BY JUDGE JUNIUS P. FULTON, III

The Court has had an opportunity to review the memoranda provided in support and opposition to the Pleas in Bar filed by Norfolk Airport Authority ("Authority") and Defendant-intervenor S. B. Ballard Construction Co., Inc. ("Ballard") to the Bill of Complaint filed by Plaintiff Centex Construction Co., Inc. ("Centex"), the arguments of counsel, and the applicable case law. This case concerns the Virginia Public Procurement Act, specifically § 11-47, which provides a procedure for resolving tie bids. In this case two pre-qualified bidders, Centex and Ballard, submitted tie bids of $30.8 million. The Authority, upon consideration of Virginia Code § 11-47(A) has determined that a preference should be awarded to Ballard because of its status as a "Virginia corporation." Centex disputes that interpretation as erroneous and "not in accordance with applicable law" and thus makes this challenge pursuant to Virginia Code § 11-70.

The parties agree that there are no disputed facts and that the resolution of the Pleas in Bar, and indeed the case, rests upon the interpretation of Virginia Code § 11-47(A). Applying the established principles of statutory construction, the court is required to look in the first instance to the plain meaning of the words of the statute, *Doss v. Jamco, Inc.*, 254 Va. 362, 492 S.E.2d 441, 446 (1997), and give effect to every word. *Id.* While the plain language of the statute must be considered, every act of the legislature should be read so as to give reasonable effect to every word, and no point will be treated as meaningless, repetitious, or absurd. *Hubbard v. Henrico, Ltd.*, 255

Va. 335, 339 (1998). This Court may assume that the legislature chose its words with care. *Virginia v. Delta Airlines, Inc.,* 257 Va. 419, 427 (1999); *Barr v. Town & Country Properties, Inc.,* 240 Va. 292, 295 (1990). The only exception is when the literal construction will result in a "manifest absurdity." *Id.* In the instant case, the parties agree that this statute is subject to varying interpretations and is thus ambiguous. Consequently, it must be interpreted in such a way to give effect to its legislative purpose. Recently, the Virginia Supreme Court summarized the rules of construction as follows:

> In the construction of such statutes, the courts have but one object to which all rules of construction are subservient, and that is to ascertain the will of the legislature, the true intent and meaning of the statute, which are to be gathered by giving to all the words used their plain meaning, and construing all statutes in *pari materia* in such manner as to reconcile, if possible, any discordant feature which may exist and make the body of laws harmonious and just in their operation.

*Tyson v. Scott,* 116 Va. 243, 253, 81 S.E. 57, 61 (1914), as cited by the court in *Lucy v. County of Albemarle,* 258 Va. 118, 129, 516 S.E.2d 480, 485 (1999).

The statute in question, Virginia Code § 11-47(A), entitled "Preference for Virginia products with recycled content and for Virginia Firms," provides in part that:

> In the case of a tie bid, preference shall be given to goods, services and construction produced in Virginia or provided by Virginia persons, firms or corporations, if such choice is available; otherwise the tie shall be decided by lot.

It is clear that Centex was incorporated in Nevada and maintains its principal office in Texas, and Ballard was incorporated in Virginia with its principal office located in Norfolk. Additionally, both entities are good corporate citizens of the Commonwealth and by virtue of their pre-qualification, equally worthy.

Centex argues that there are two classes of preference established by the § 11-47(A). The first preference to be given to "goods, services, and construction produced in Virginia." The second preference to be given to goods, services, and construction "provided by Virginia persons, firms, or corporations," and that under the facts of this case, where there is a tie between two bidders and both bidders are entitled to a preference, that the tie

shall be decided by lot. The Authority and Ballard argue that this interpretation would produce an illogical result because every contractor would be entitled to a preference in the case of a construction project by a Virginia public entity because by necessity that construction would be produced in Virginia. A public body could therefore never distinguish between a foreign and Virginia corporation when there is a tie bid, and this would be an absurd and irrational result, inconsistent with both the terms and intent of the statute.

Additionally, Centex argues that it is entitled to a preference because its bid provides for work to be performed by Virginia persons or firms as subcontractors. This interpretation would require the Authority to delve into the particulars surrounding every subcontractor included in the competing bids to determine their residency. The Court believes that this interpretation of the statute would be inconsistent with the intent of the legislature.

Under the facts of this case, the court believes that § 11-47(A) provides for two classes of preference. The first preference to be given to those goods, services, or construction produced in Virginia. However, because of the nature of this contract (construction), there is no preference available between the two competing bidders. However, the second portion of the statute provides a preference to be given to those providers of goods, services, or construction if they are Virginia persons, firms, or corporations. Centex's argument that they are in fact a Virginia corporation relies upon an interpretation of the statute to mean residency and not situs of incorporation. This Court believes that the meaning of the term "Virginia . . . corporation" is clear and that the legislature was not referring to "residency," but in fact place of incorporation. This is especially clear in light of the fact that in Virginia Code § 11-47(B), the legislature utilized the term "resident." Clearly, if the legislature had intended residency as a broader area of preference, it could have utilized that term in subsection A. Furthermore, it would appear that the General Assembly has a rational basis for this preference. Just as business entities are influenced by a variety of reasons as to where they should be incorporated, the Commonwealth of Virginia also has an incentive to encourage a business entity to incorporate under the laws of this state, e.g., corporate taxation and the economic benefits which are derived by the citizens of the Commonwealth who are employed by a Virginia corporation. Here the General Assembly certainly could have provided a preference for resident corporations but it did not.

This Court's interpretation of Virginia Code § 11-47(A) provides that in this case the preference should be given to the bidder incorporated under the laws of this Commonwealth. Thus, Centex is not entitled to have this tie

decided by lot, and the Pleas in Bar are sustained, and Centex's Bill of Complaint is dismissed on all grounds.