# Richmond.

McCURDY, EXECUTOR, AND OTHERS V. SMITH AND OTHERS.

January 23, 1908.

1. CONSTITUTIONAL LAW—*Jurisdiction of Courts—Powers Conferred on Clerks of Circuit Court—City Clerks.*—The whole judicial power of the state is vested by Art. IV. of the constitution in certain enumerated courts, and such other courts as are thereinafter authorized. The General Assembly is authorized by Sec. 101 of the constitution to confer upon the clerks of the several *circuit* courts jurisdiction to admit wills to probate, appoint guardians, etc., but no mention is made of the clerks of other courts.

   *Held*:  Section 2639a, Code 1904, conferring such jurisdiction on the clerks of city courts is unconstitutional. Such clerks are not within the terms or intendment of Sec. 101 of the constitution; nor is such jurisdiction conferred by Sec. 98 of the constitution authorizing the legislature to provide "additional courts" for certain cities. The "additional courts" authorized must be courts of similar grade, dignity and jurisdiction to existing city courts.

2. EXECUTORS AND ADMINISTRATORS—*Appointment of Curators—Receivers.*—An order of a court of chancery appointing a receiver of an estate pending litigation over a will will be treated as an appointment of a curator under Sec. 2534, Code 1904, when it appears that the appointment was made after notice, upon a bill supported by affidavit, the allegations of which are not denied by pleading, affidavit, or otherwise.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for the complainants. Defendants appeal.

*Amended and Affirmed.*

The opinion states the case.

*D. C. Richardson, Page & Leary, Leake & Carter, A. W.*

*Patterson, McGuire, Riely & Bryan,* and *Thomason & Minor,* for the appellants.

*Beverly T. Crump* and *Wm. Crump Tucker,* for the appellees.

Whittle, J., delivered the opinion of the court.

A paper writing purporting to be the last will and testament of Sarah C. Boswell, deceased, was offered for probate before the clerk of the chancery court of the city of Richmond by H. A. McCurdy, the executor named in the instrument. The proceeding was had under section 2639a, Va. Code, 1904; and the clerk, having heard the testimony of the subscribing witnesses, passed an order admitting the will to probate and allowing McCurdy to qualify as executor. Whereupon, the appellee, W. R. Smith, as one of the heirs at law and distributees of the decedent, filed a bill in the chancery court of the city of Richmond, alleging that Mrs. Boswell had died intestate; that the probate proceedings were null and void, and conferred no authority upon McCurdy; that the plaintiff would contest the validity of the will, if relied on; and, after having made the necessary parties, concluded with a prayer for the appointment of a curator or receiver to take charge of the estate, real and personal, and for general relief.

From a decree declaring the statute, in so far as it attempts to confer jurisdiction on the clerk of the chancery court to admit wills to probate and permit personal representatives to qualify before such clerk, unconstitutional, and the probate proceedings null and void, and appointing a receiver, this appeal was allowed.

Article VI. of the Virginia constitution treats of the composition and distribution of the judicial power of the state. Section 87, under the title, "Judiciary Department, Composi-

tion and Jurisdiction," declares: "The judiciary department shall consist of a supreme court of appeals, circuit courts, city courts, and such other courts as are hereinafter authorized. The jurisdiction of these tribunals and the judges thereof, except so far as conferred by this constitution, shall be regulated by law."

There can be no escape from the conclusion, that the language of this section manifests the purpose on the part of the framers of the constitution to deal with the judiciary department in its entirety, and limits the power of the legislature, in the establishment of courts, to such tribunals only as are therein specifically enumerated and such other courts as are authorized by the constitution.

In *Carter's Case,* 96 Va. 791, 32 S. E. 780, 45 L. R. A. 310, the court, in construing section 1 of Article VI of the former constitution (the corresponding section to section 87), remarks: "These courts do not derive their existence from the legislature. They are called into being by the constitution itself, the same authority which creates the legislature and the whole framework of state government."

That is also the construction placed on similar provisions of the constitutions of Michigan and Illinois by the courts of those states.

In *Chandler* v. *Nash,* 5 Mich. 409, the court observes: "This beyond all controversy, vests the *whole* judicial power of the state in the courts and officers named in this section, unless there be some further provision in the same constitution, conferring upon some other court or officer a part of such judicial power, or authorizing the legislature to confer it; and in the latter case, it can only be possessed or conferred by such further provision expressly or by necessary implication. * * * This must be so upon principle, or the constitution itself must be subject to legislative repeal. It is also well supported by authority. See 2 Story on Const., ss. 1590 to 1592; *State* v. *City*

of *Rockford,* 14 Ill. 420; *Gibson* v. *Emmerson,* 2 Eng. 173." See also *Risser* v. *Hoyt,* 53 Mich. 185, 18 N. W. 611; *Knickerbocker* v. *People,* 102 Ill. 218.

In the latter case it is said: "The validity of the act in question involves a construction of the provisions of the constitution relating to the distribution of the judicial power of the state, and the establishment of courts therein, and also of other provisions supposed to have more or less bearing on the question in hand. Section 1, Article VI. of the constitution provides: 'The judicial power, *except as in this article otherwise provided,* shall be vested in one supreme court, circuit courts, county courts, justices of the peace, police magistrates, and in such courts as may be created by law in and for cities and incorporated towns.' It is clear, if the constitutional convention had not, in other portions of the constitution, provided for courts other than those specified in the first section, the power of the legislature to establish courts would be confined to such courts as are specifically enumerated in that section; but the convention, as indicated by the exception in the introductory part of the first section, proceeded to provide for the establishment of other courts not enumerated in the first section. The 11th section provides for appellate courts; the 20th for probate courts; the 23rd for the superior court of Cook county; and the 26th for the criminal court of Cook county. These several sections, so far as they relate to the power of the legislature to establish courts, must be construed precisely in the same way as if all the courts had been enumerated in the first section, and the words, 'except as in this article is otherwise provided,' had been omitted. In that case, the enumeration in the first section would have exhausted the entire judicial power of the state, whereas, as the constitution is constructed, it is only exhausted by the enumeration as contained in the 1st, 11th, 20th, 23rd and 26th sections, and the legislature is authorized to provide for the establishment of these courts, subject to any

limitations that may apply to them respectively, but for no others."

The assertion in section 87, that the judicial power of the state shall be vested in the courts enumerated therein "and such other courts as are hereinafter authorized," covers the whole ground, and imposes a distinct limitation upon the power of the legislature in dealing with the subject, which it may not transcend. It follows, therefore, that unless authority be found in the constitution empowering the legislature to confer jurisdiction upon the clerk of the chancery court of the city of Richmond for the probate of wills, etc., that provision in section 2639a is unconstitutional.

By section 87, as we have seen, the constitution in general terms authorizes the establishment of circuit courts; and in section 94 divides the state into twenty-four judicial circuits: and in section 101 declares, that "The General Assembly shall have power to confer upon the clerks of the several circuit courts jurisdiction, to be exercised in the manner and under the regulations to be prescribed by law, in the matter of the admission of wills to probate, and of the appointment and qualification of guardians, personal representatives, curators, appraisers and committees of the estates of persons who have been adjudged insane or convicted of felony, and in the matter of the substitution of trustees."

This jurisdiction, outside the cities, was formerly lodged in the county courts, which held monthly terms in each county of the state; but inasmuch as those courts were to be abolished, and the circuit courts only convened once in three or four months, provision had to be made for the convenient and speedy dispatch of those important functions.

By sections 19 and 20 of the schedule of the constitution, the legislature of December, 1901, was called in extra session, July 15, 1902, for the express purpose of enacting such laws as might be deemed proper, "including those necessary to put

this constitution into complete operation." The members of that body possessed exceptional opportunities for ascertaining the true intent and meaning of the constitution, and their enactments constitute contemporaneous construction of more than ordinary value. The succeeding legislature enacted the amendment under consideration, which was subsequently carried into section 2639a.

It is clear that the clerk of the chancery court of the city of Richmond is neither within the terms nor intendment of section 101. It in terms specifies "the clerks of the several circuit courts;" and the constitution wrought no change in the courts of the cities of the commonwealth, which are practically open at all times for the transaction of business.

Section 98 of the constitution is likewise invoked to sustain the amendment. That section declares, among other things, that: "In any city containing thirty thousand inhabitants or more, the general assembly may provide for such additional courts as the public interests may require, and in every such city the city courts, as they now exist, shall continue until otherwise provided by law."

Applying, as we must do, the doctrine of *ejusdem generis* to the exposition of this language, the "additional courts," which the general assembly may establish, must be courts similar in grade, dignity and jurisdiction to existing courts, and that cannot be predicated of a court clothed with the special and limited jurisdiction conferred on the clerks. *Button* v. *State Corporation Commission*, 105 Va. 634, 54 S. E. 769, and authorities cited.

Our conclusion, therefore, in this aspect of the case, is that there is no error in the decree of the chancery court.

With respect to the assignment of error touching the appointment of a receiver, it is sufficient to observe, that the order was made after notice, upon a bill supported by affidavit, the allegations of which are not denied by pleading, affidavit or

otherwise. The order in effect, as we construe it, amounts merely to the appointment of a curator under section 2534 of the code, and was warranted by that statute; and will be so amended as to make that plain.

The cross assignment of error by counsel for the appellees challenges the action of the trial court in excepting from the operation of its decree, directing what property shall be turned over to the receiver, the proceeds of real estate previously sold by H. A. McCurdy to third parties.

Inasmuch as this assignment involves the consideration of important questions which may be materially influenced by subsequent developments, on untried issues likely to arise in the further progress of the case, the court deems it premature to pass upon it at this time.

Upon the whole case, a careful examination of the record fails to disclose reversible error, and the decree appealed from must be affirmed.

*Amended and affirmed.*