## Richmond

### SAUNDERS v. LINK & OTHERS.

November 21, 1912.

1. WILLS—*Probate Before Clerk—Bill to Impeach—Ex Parte Probate in Court.*—An order of a clerk of a circuit court admitting a will to probate *ex parte*, from which no appeal is taken in the manner prescribed by section 2639-a of the Code (1904), is final and conclusive, and cannot be collaterally attacked. No bill to impeach the will lies, under section 2544 of the Code (1904). The latter section applies only to *ex parte* probates in court, under that section. A clear distinction is drawn in the statutes between an *ex parte* probate before a clerk, which is provided for by section 2639-a, *supra*, and a probate before a court which is provided for by section 2544, *supra*.

2. WILLS—*Probate Before Clerk—Collateral Attack—Appeal—Inconveniences.*—A clerk of a circuit court may admit a will to probate or reject it, and, in either event his sentence is a judgment *in rem*, whose validity can be drawn in question only by appeal in the manner and within the time prescribed by section 2639-a of the Code (1904). On such appeal, the court takes jurisdiction and hears and determines "the matter as though it had been presented to said court in the first instance." All appropriate remedies provided by law with respect to the probate of wills by courts may then be called into activity, and all rights and reservations which pertain to such case are preserved. Whatever inconveniences may arise from this mode of procedure are proper subjects of consideration for the legislature; the language of the statute being plain, the courts must give effect to it.

3. WILLS—*Probate—Judgment in Rem—Collateral Attack.*—The sentence of a court of probate having jurisdiction of the subject is a judgment *in rem*, and, until reversed, binds not only the immediate parties to the proceeding, but all other persons (though infants at the time) and all courts.

4. JUDGMENTS—*Collateral Attack—Presumption.*—The judgment of a court of general jurisdiction, acting within the scope of its powers, is presumed to be right, and such judgment is not subject to collateral impeachment unless a want of jurisdiction appears from the face of the proceedings.

Appeal from a decree of the Circuit Court of Giles county. Decree for the complainant. One of the defendants appeals.

*Reversed.*

The opinion states the case.

*W. B. Snidow,* for the appellant.

*Williams & Farrier* and *Jackson & Henson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

William A. Huffman died in the year 1908, survived by a widow, and leaving as his heirs at law adult children and infant grandchildren. Prior to his marriage, Huffman made a will giving his entire estate to Mary F. Saunders, whom he subsequently married, and appointed her his executrix. On April 14, 1908, the will was admitted to probate by the clerk of the Circuit Court of Giles county in his office, and the widow qualified as executrix.

In September, 1909, Maggie Link, one of the adult children, brought a suit in equity in the circuit court of said county against the widow and heirs, in which she set out the foregoing facts, and insisted that the subsequent marriage of the testator absolutely revoked the will under Virginia Code 1904, sec. 2517, and prayed that it might be treated as a nullity, and that it be adjudged that Huffman died intestate. The bill furthermore prayed that a deed to the land in controversy from the widow to C. A. Saunders be set aside; that dower be assigned to the widow; and that the residue of the land be partitoned among the heirs and for general relief.

C. A. Saunders demurred to the bill. The controlling ground of demurrer is that the will having been admitted

to probate by the clerk, and no appeal having been taken from the order as provided by statute, the sentence was final and conclusive and was not amenable to collateral attack, and that consequently the circuit court was without jurisdiction to maintain the suit.

The court overruled the demurrer and directed an issue to be tried to ascertain whether any, and if any how much, of the paper in question was the will of the decedent. Afterwards, by a vacation decree, the court set aside so much of the former decree as directed an issue *devisavit vel non,* and adjudged that the marriage of the testator operated an absolute revocation of the will, that the order of the clerk admitting the same to probate did not give the will any validity whatever, and granted the relief prayed for in the bill. From that decree this appeal was allowed.

The Virginia Constitution (1902), art. 6, sec. 101, ordains that "The General Assembly shall have power to confer upon the clerks of the several circuit courts jurisdiction, to be exercised in the manner and under the regulations to be prescribed by law, in the matter of admission of wills to probate, and of the appointment and quaification of guardians, personal representatives, curators, appraisers and committees of the estates of persons who have been adjudged insane or convicted of felony, and in the matter of the substitution of trustees."

The legislature, in accordance with the above provision, by act approved May 15, 1903, conferred upon clerks of *circuit courts,* among other powers, jurisdiction to admit wills to probate. Acts 1902-3-4, p. 386. This act was so amended by an act approved March 12, 1904, as to extend this jurisdiction to clerks of corporation courts, except that in the city of Richmond the jurisdiction was vested in the clerk of the chancery court. Acts 1904, p. 205. The amended act was declared unconstitutional by this court in so far as it attempted to confer probate jurisdiction on

the clerk of the Chancery Court of the city of Richmond, such clerk not being either within the terms or intendment of section 101 of the Constitution. That phase of the case involved the constitutionality of the act only with respect to the clerk of the chancery court, and the decision was confined to the precise question in issue. *McCurdy* v. *Smith,* 107 Va. 757, 60 S. E. 78.

The court, at page 761 of the official report, gives the following reason for the constitutional provision: "This jurisdiction, outside the cities, was formerly lodged in the county courts, which held monthly terms in each county of the State; but inasmuch as those courts were to be abolished, and the circuit courts only convened once in three or four months, provision had to be made for the convenient and speedy dispatch of those important functions."

The amended act referred to was carried into section 2639-a, Virginia Code 1904. In addition to this specific act, passed expressly to give effect to section 101, certain sections of the Code with respect to the probate of wills were so amended as to conform to changed conditions. Thus, section 2533 declares that the circuit and corporation courts, "and the clerks of the said circuit and corporation courts, shall have jurisdiction of the probate of wills according to the following rules." Then follows the bestowal of territorial jurisdiction upon these tribunals, and the section concludes with the above mentioned proviso as to the city of Richmond.

Section 2538 prescribes that "A person offering or intending to offer to a circuit court, or to the clerk thereof, or to a corporation court, a will for probate, may obtain from the clerk of such court process directed to the proper officer of any county or corporation, requiring him to summon any person interested in such probate to appear at the next term of such court, or before such clerk, on a day named in such summons, to show cause why the said will should not be admitted to record."

And section 2539 empowers "A circuit or corporation court to which a will is offered for probate, or into which the quetsion of probate is removed by appeal or otherwise," to cause all persons interested in the probate to be summoned to appear on a certain day.

Having thus drawn the distinction between a "court" and a "clerk" in the two preceding sections, section 2544, *which remains unchanged,* declares that "a court may, however, without summoning any party, proceed to probate and admit the will to record, or reject the same. After a sentence or order under this section, a person interested, who was not a party to the proceeding, may, within two years, proceed by bill in equity to impeach or establish the will, on which bill a trial by a jury shall be ordered to ascertain whether any, and if any how much, of what was so ordered for probate be the will of the decedent. If no such bill be filed within that time the sentence or order shall be forever binding." Section 2545 contains a saving in favor of infants and non-residents.

Be it observed that the right to impeach or establish a will applies expressly to an *ex parte* probate proceeding by "*a court * * * under this section,*" and operates in favor of "a person interested, who was not a party to the proceeding." If this section had been intended to include a "*clerk,*" or to apply to an *ex parte* probate by a clerk, that officer would have been mentioned *eo nomine,* as in section 2538. But a still more conclusive reason against such contention is furnished by the fact that the legislature had, as remarked, by independent enactment (Virginia Code 1904, sec. 2639-a) conferred upon clerks special jurisdiction of the *ex parte* probate of wills, with appropriate procedure and regulations for its exercise, as ordained by article 6, section 101 of the Constitution. This enactment is the counterpart of section 2544. The latter section, as we have seen, confers *ex parte* probate jurisdiction upon courts

and prescribes remedies and procedure for its exercise, while section 2639-a confers similar jurisdiction upon clerks, and also provides remedies and procedure in such case.

Section 2639-a is as follows: "The clerk of any circuit or corporation court may appoint appraisers of estates of decedents, admit wills to probate, appoint and qualify executors, administrators, curators of decedents and committees, and require and take from them the necessary bonds in the same manner and with like effect as the court could do if in session. Such powers and duties may be exercised and discharged as well during the sessions of the court as at other times; provided, that in the city of Richmond the clerk of the chancery court of said city shall have such powers and perform such duties.

"Such clerk shall keep an order book, in which shall be entered all orders made by him respecting the subjects aforesaid. Any person interested may, within one year after the entering of such an order, appeal therefrom as a matter of right, upon giving bond as provided by law, to the court whose clerk has made the order. Upon application being made for such appeal, the said clerk shall enter forthwith in his order book an order allowing such appeal, and docket the same as a preferred cause for trial at the next term of the court. The said court, at any term, shall hear and determine the matter as though it had been presented to the said court in the first instance, and shall cause a copy of the order on the order book of the court embracing its final action to be copied by the clerk into his order book. At any time after such appeal is allowed the said court, or the judge thereof in vacation, may make any such order for the protection of the parties interested or for the protection or preservation of any property involved as might have been made had the matter been originally presented to the court, or as may seem needful."

The order of the clerk is a judicial act it is true, yet it is wholly distinct from the exercise of jurisdiction in like cases by the court, and its exercise is regulated by essentially different methods of procedure. He (the clerk) may admit a will to probate or reject it and, in either event, his sentence is a judgment *in rem,* whose validity can be drawn in question only by appeal in the manner and within the time prescribed by section 2639-a. On such appeal the court takes jurisdiction and hears and determines "the matter as though it had been presented to said court in the first instance." And all appropriate remedies provided by law with respect to the probate of wills by courts may then be called into activity, and all rights and reservations which pertain to such case are preserved.

It must be allowed that the argument *ab inconvenienti* (applicable to this construction) is not without force. Thus, the limitation to an appeal when the will is probated before the clerk in his office is one year, and the appellant is required to give bond. Again, there is no saving as to infants and non-residents, or other persons in interest not parties to the proceeding, who, without fault on their part, may be deprived of their rights after the lapse of one year by orders in a proceeding of which they had no knowledge. Whereas, when a will is probated *ex parte* in court under section 2544, after sentence, a person interested who was not a party to the proceeding has two years within which to file a bill in equity to impeach or establish the will, with the right to a trial by jury. Besides, to such proceeding there is a saving in favor of infants and non-residents under section 2545. The former may file a bill in equity to impeach or establish the will within one year after coming of age; and the latter, unless there was an actual appearance or personal summons, may file such bill within two years from the date of such sentence or order.

These considerations might with propriety be called to the attention of the legislature for the purpose of having a revision of the enactment; but where the language of the statute is plain and within the competency of the legislature it is the province of the courts not to rewrite it, but to give it effect as they find it. In this instance, by art. 6, sec. 101, of the Constitution, this special jurisdiction is to be conferred "upon the clerks of the several circuit courts, to be exercised in the manner and under the regulations to be prescribed" by the legislature. In other words, the legislature is empowered by express words to prescribe the procedure by which the jurisdiction previously granted is to be exercised; and this it has done in language too plain to be mistaken. Besides, much of the hardship to which our attention has been directed is inseparably incident to all proceedings *in rem.*

Unless it can be maintained that the sentence or order of a *clerk,* in the exercise of the special jurisdiction with which he is clothed in the matter of the probate of wills by virtue of section 3639-a, is so identical with the jurisdiction exercised by a court under section 2544 as to read into the former section the remedies prescribed by the latter, the bill in this case cannot be maintained.

We do not think the word "court," as employed in section 2544, was intended to include "clerk," and to invest that subordinate officer with the important powers conferred upon "a court" by that section. Such construction is opposed to the language of the section and, as before remarked, is inconsistent with the special jurisdiction, *in pari materia,* conferred upon clerks by section 2639-a, and would lead to serious embarrassment and confusion, devolving upon these officers duties which they are not furnished with the necessary machinery to discharge. It would, indeed, be an overstrained construction to hold that the legislature intended by section 2639-a (a statute com-

plete in itself both as to right and remedy) by implication merely, to interfere with the long established jurisdiction of courts under section 2544. As observed, by express language of section 2544, an order by a court, on the law side thereof and *under that section,* admitting a will to probate or rejecting the same, is a prerequisite to the right to file a bill in equity to impeach or establish such will.

In this State the doctrine has long been settled that the sentence of a court of probate having jurisdiction of the subject is a judgment *in rem,* and "until reversed binds not only the immediate parties to the proceeding, but all other persons (though infants at the time) and all courts." See note to section 2533 and authorities cited, and *Vaughan* v. *Doe, e. d. Green,* 1 Leigh (28 Va.) 287; *Wills* v. *Spraggins,* 3 Gratt. (44 Va.) 555; *Parker's Ex'ors* v. *Brown's Ex'ors,* 6 Gratt. (47 Va.) 554; *Robinson* v. *Allen,* 11 Gratt. (52 Va.) 784; *Ballow* v. *Hudson,* 13 Gratt. (54 Va.) 672; .*Norvell* v. *Lessueur,* 33 Gratt. (74 Va.) 224.

We do not know what evidence may have been adduced before the clerk in the probate proceeding and, therefore, cannot declare its sentence a nullity. *Non constat* that the will which was revoked by the testator's marriage under section 2517 was not revived in accordance with section 2519. And the gravamen of the demurrer to the bill is that it seeks to attack collaterally the order in the probate proceeding.

The rule is that the judgment of a court of general jurisdiction, acting within the scope of its powers, is presumed to be right, and such judgment is not subject to collateral impeachment unless a want of jurisdiction appears from the face of the proceedings. 1 Freeman on Judgments, sec. 120-a.

"Orders and decrees of a probate court, in any case in which jurisdiction has attached, are not open to contradiction or re-examination in any collateral proceeding."

23 Cyc. 1061. And it is said that in nearly all the States probate courts rank with courts of general jurisdiction; "so that it is not necessary to show the facts necessary to sustain them against collateral attack, but on the contrary their jurisdiction and authority will be presumed." *Idem,* p. 1083.

*Ballow* v. *Hudson, supra,* relied on to sustain the jurisdiction of the circuit court, is an authority against that contention. The opinions in *Robinson* v. *Allen* and *Ballow* v. *Hudson, supra,* were both written by Judge Samuels and are entirely in harmony. In the latter case, the will was propounded for probate in the county court of Cumberland, and rejected on the ground that the alleged testator was incompetent to make a will. The same paper was afterwards propounded for probate to the circuit court, which, with knowledge of the fact that it had been rejected in the county court, nevertheless admitted it to probate. The sentence of the county court was held conclusive against the will, and the sentence of the circuit court a nullity. An intestacy having thus been established, a court of equity, in the exercise of its general jurisdiction, had full authority to administer the estate. The case is authority for the proposition that the sentence of a court of probate having jurisdiction of the subject is conclusive and not liable to collateral attack.

For these reasons the decree of the circuit court must be reversed, the demurrer sustained, and the bill dismissed.

*Reversed.*