## Richmond

### RAMSEY & OTHERS V. DODD.

#### November 21, 1912.

1. WILLS—*Ex Parte Probate by Clerk—Bill to Impeach.*—Where a will has been admitted to probate *ex parte* by a clerk of a circuit court, under section 2639-a of the Code (1904), a bill to impeach the will, under section 2544 of the Code, does not lie. The remedy in the first instance is by appeal to the court whose clerk made the order admitting the will to probate, as provided by section 2639-a, *supra.*

Appeal from a decree of the Circuit Court of Nelson county. Decree for the defendant. Complainant appeals.

*Modified and Affirmed.*

The opinion states the case.

*P. R. Massie* and *Smeltzer V. Kemp,* for the appellants.

*Wm. Kinckle Allen* and *Chas. L. Martin,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

On January 23, 1911, a paper writing purporting to be the will of S. P. Ramsey, deceased, was admitted to probate by the clerk of the Circuit Court of Nelson county. There was no appeal from the clerk's order, as provided by Virginia Code 1904, section 2639-a; but on May 11, 1911, the appellants, as heirs at law of the decedent, filed a bill in equity under section 2544, in the Circuit Court of Nelson county, to impeach the will. In that suit the court

ordered an issue *devisavit vel non,* upon which issue the jury found that the paper in question was the true last will and testament of S. P. Ramsey, deceased. The verdict was approved by the court, which entered a decree establishing the will and dismissing the bill. From that decree this appeal was granted.

In an opinion handed down at the present term in the case of *Saunders* v. *Link, ante,* p. 285, 76 S. E. 327, it was held that such a bill would not lie to an order of probate made by the clerk of a court; and that the remedy in the first instance was by appeal to the court whose clerk made the order admitting the will to probate, as provided by section 2639-a. That decision is conclusive of this case, and the circuit court ought not to have entertained the bill for any purpose, but should have dismissed the same for want of jurisdiction. So far, therefore, as the decree under review dismisses the bill it is affirmed. And the appellees having substantially prevailed are entitled to costs.

*Modified and Affirmed.*