# Richmond.

## DILLARD AND OTHERS V. JEFFERIES.

### November 11, 1915.

### Absent, Keith, P.

1. PARTITION—*Parties—Case in Judgment—Evidence—Deeds—Construction of Parties.*—Under a conveyance to a husband as trustee for the benefit of his wife for life, and at her death to be equally divided among *his* children and their descendants *per stirpes*, a child by a former marriage of the husband is entitled to share with the children of the second marriage and may maintain a suit for partition. The language is unambiguous and too plain for interpretation, and when this is the case, parol evidence is not admissible to show the construction placed thereon by the parties.

2. APPEAL AND ERROR—*Partition—Case in Judgment—Res Judicata.*—In a suit for partition, the defendants pleaded that the court was without jurisdiction to entertain the bill, that the title claimed by them was adverse, and that the complainant and those under whom she claimed were not tenants in common or coparceners with the defendants. The court directed the complainant to join issue "to the end that the court might determine from the evidence thereunder whether or not this is a proper case for the jurisdiction of a court of equity in a suit for partition."

   *Held:* This was not an adjudication in favor of the defendants from which the complainant should have appealed.

3. EQUITY JURISDICTION—*Mistake—Reformation—Laches.*—A party having a just claim to invoke the jurisdiction of a court upon equitable grounds, must exercise reasonable diligence in the assertion of his demand. If by laches injustice may be done the court declines to interfere. This principle is justly applied as well to bills to reform a contract on the ground of mistake as to other cases.

4. EJECTMENT—*Equitable Title—Tenant in Common.*—A tenant in common of an equitable estate cannot maintain ejectment against his cotenants to recover his share. The plaintiff in ejectment must hold the legal title and cannot recover on an equitable title.

5. PARTITION—*Tenants in Common—Adverse Possession—Equity Jurisdiction.*—If the defendants claim under one who was a joint owner

with the complainant or those under whom he claims, they cannot defeat the right of the complainant to have his legal rights settled in a suit for partition by merely alleging and proving that they deny the rights of the complainant and hold adversely to him.

6. LIMITATION OF ACTIONS—*Suit for Partition—Infancy—Code, Section 2917.*—Under the provisions of section 2917 of the Code, a party who is an infant at the time the right to have a partition of land accrues, has ten years after attaining his majority in which to institute his suit for partition.

Appeal from a decree of the Circuit Court of Albemarle county. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Elliott & Walsh, G. M. Dillard* and *Williams, Tunstall & Thom,* for the appellants.

*W. D. Patteson, C. H. Patteson* and *A. S. Bolling,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed by Elizabeth S. Jefferies, asking for the partition of a tract of land containing fifteen acres between herself and G. M. Dillard and others, who were in possession and claiming the fee in the whole tract. The circuit court held that the complainant was entitled to maintain her suit and to have partition of the land in controversy. From that decree this appeal has been taken.

The record shows that by deed dated July 11, 1871, John S. Moon and wife conveyed a tract of land, of which that in controversy is a part, to John O. Lewis as trustee for the benefit of his wife for life, and at her death the same to be divided among his children equally and their descendants who should take *per stirpes.* John O. Lewis was twice married. By his

first marriage he left one daughter who was the mother of his granddaughter, the complainant, and by his second marriage he had eight children. It further appears that the father of complainant and a sister departed this life sometime before the institution of this suit, leaving complainant the sole surviving representative and heir of her mother, who, as already seen, was the only child of John O. Lewis by his first wife. It further appears that on the 9th day of September, 1896, Sallie C. Lewis (the second wife of John O. Lewis), and her children united in a deed conveying the fifteen acres of land in controversy to the defendants, G. M. Dillard and others. At the time of this sale the complainant was less than fifteen years of age and did not unite in or agree to the same, and did not receive any part of the proceeds therefrom. The contention of the complainant is that she was a joint tenant with Sallie C. Lewis and her children, and that when the defendants bought the interests of her joint tenants in the fifteen acres of land she became tenant in common with them, and as such is entitled to partition in kind, or a sale and division of the proceeds.

We are of opinion that the demurrer to the bill was properly overruled. The tenancy in common of the complainant with the defendants appeared from the allegations of the bill, and if those allegations were established, the complainant was entitled to the relief asked.

We are further of opinion that there is no merit in the contention that the decree of March 8, 1913, was the binding law of the case from which the complainant failed to appeal, and cannot now question that it was the correct solution of the case. Plea No. 1 of the defendants alleged that the court was without jurisdiction to entertain the bill, that the title claimed by them was adverse, and that the complainant and those under whom she claimed were not tenants in common or coparceners with the defendants. The decree mentioned of March 8, 1913, after stating that the court must determine from the facts in each case whether jurisdiction should be assumed, overruled the

motion to reject the plea and directed the complainant to join issue upon the same, "to the end that the court might determine from the evidence adduced thereunder whether or not this is a proper case for the jurisdiction of a court of equity in a suit for partition." There was no ruling by this decree in any way affecting the complainant's title, or making it necessary for her to appeal therefrom. On the contrary, the whole controversy on the merits, as well as to the jurisdiction of the court, was left open for future determination after the evidence was adduced.

The defendants further contend that the circuit court erred in holding that the complainant owned an interest in the land in controversy, and that she was a tenant in common with the defendants and entitled to maintain her suit for partition.

To show the fallacy of the contention that complainant owned no interest in the land in question, it is only necessary to refer to the deed of July 11, 1871, under which the complainant holds title, which conveys the land to John O. Lewis as trustee for the sole use and benefit of his wife, Sallie C. Lewis, during her life, and after her death he shall divide the same among his children equally and their descendants, who shall take *per stirpes.* This language is unambiguous and too plain for interpretation. By no reasonable construction can such language be held to exclude the child of John O. Lewis by his first wife. The words *his children* and their descendants necessarily include his child by his first marriage, who was complainant's mother, and being the only heir of her mother, she takes under the express terms of the deed her mother's interest. But the defendants contend that the failure to use language to exclude the child by the first marriage was an inadvertence of the draftsman of the deed, and that the language, "his children," had since been interpreted by the parties to mean the children of John O. Lewis by his second marriage. There is nothing in the record to show that the complainant ever placed any such interpretation upon the language or ever consented to any such

interpretation by others. It can in no way affect the right of complainant in the land that Mrs. Sallie C. Lewis and her children construed the deed so as to exclude the child by the first marriage. There is no ambiguity whatever in the language used, and when that is the case parol evidence is not admissible to show the construction placed thereon by the parties. *Grubb* v. *Burford,* 98 Va. 553, 37 S. E. 4; *Knick* v. *Knick,* 75 Va. 12; *Bank* v. *McVeigh,* 32 Gratt. (73 Va.) 530, 541. Further, if the failure to exclude the child of the first marriage was an inadvertence, the mistake should have been promptly corrected by a suit in equity to reform the instrument. It has now been more than forty years since the deed of July 11, 1871, from which the parties to this suit derive their title, was executed and recorded, and the defendants have themselves held a deed to the land in controversy since September, 1896, and yet neither they nor their predecessors in title have ever asserted that there was any such mistake as now alleged, or asked a court of equity to correct the same, until the institution of this suit by the complainant to enforce her rights.

"A party having a just claim, to invoke the jurisdiction of that court upon equitable grounds, must exercise reasonable diligence in the assertion of his demand. If by laches injustice may be done the court declines to interfere. And this principle is justly applied to bills to reform contracts on the ground of mistake as to other cases." *Carter* v. *McArtor,* 28 Gratt. (69 Va.) 356, 364.

In the case at bar the alleged mistake is not established, and the principal parties to the deed in which the mistake, if any, occurred are now dead and the correction which is now demanded could not be made without risk of doing the complainant the greatest injustice.

With respect to the contention that the complainant was not a tenant in common with the defendants and, therefore, was not entitled to maintain this suit for partition, we are of opinion that the circuit court properly held to the contrary.

Under the deed of July, 1871, from Moon and wife to John O.
Lewis, trustee, the mother of the complainant was unquestion-
ably a joint tenant in remainder with the children of Sallie C.
Lewis, her stepmother. The complainant now stands in the
shoes of her mother. In 1896 the defendants bought the inter-
ests of all of her cotenants, and hence they occupy a similar
relation to the complainant that their grantors did—that is,
tenants in · common, all deriving their· title from the same
common source, to-wit, the deed of July 11, 1871, from Moon
and wife to Lewis, trustee. The estate which the complainant
seeks to recover is a trust estate. She does not hold the legal
title, and could not, therefore, as contended, have brought an
action of ejectment to recover her interest in the land. The
plaintiff in ejectment must hold the legal title and cannot
recover on an equitable title. *Va. Iron, &c. Co.* v. *Cranes Nest
Co.,* 102 Va. 406, 46 S. E. 393; *Leftwich* v. *City of Richmond,*
100 Va. 164, 168, 40 S. E. 651. There are no special circum-
stances in the case at bar to take it out of the general rule
announced by these cases.

The defendants further contend that they hold adversely
under a deed which purports to convey them the whole of the
land in controversy, and, therefore, a suit in equity for
partition does not lie, and that an action of ejectment is the
proper remedy. This contention is contrary to the view taken
by this court in several cases. *Pillow, &c.* v. *Southwest Va.
Imp. Co.,* 92 Va. 144, 23 S. E. 32, 53 Am. St. Rep. 804;
*Morgan* v. *Haley,* 107 Va. 331, 58 S. E. 564, 13 L. R. A.
and others (N. S.) 732, 122 Am. St. Rep. 846, 13 Am. Cas.
204.

In *Pillow* v. *Imp. Co., supra,* it is said: "Of course, a parti-
tion suit cannot be made a substitute for an action of eject-
ment, and if the defendant in such suit does not claim under
any one who was a joint owner, such as a coparcener, joint
tenant, or tenant in common with the complainant, or those
under whom he claims, then it is clear that such suit would not

be proper; but if the defendant does claim under one who was a joint owner with the complainant, or those under whom he claims, the defendant cannot defeat the right of the complainants to have their legal rights settled in a suit for partition by merely alleging and proving that he denies the rights of the complainant and holds adversely to him. If the jurisdiction of the circuit court could be defeated in this manner, the statute would be of little value, and would fail to attain the chief object for which it was passed."

And in *Morgan* v. *Haley,* 107 Va. 331, 58 S. E. 564, 13 L. R. A. (N. S.) 732, 122 Am. St. Rep. 846, 13 Ann. Cas. 204, *supra,* the court says: "It is quite true, as argued, that a suit for partition under the provisions of section 2562, Va. Code, 1904, cannot be made a substitute for an action of ejectment (*Pillow* v. *Southwest Imp. Co.,* 92 Va. 144); but it is equally true that a court of equity has jurisdiction to partition land under some circumstances, although the defendant claims title to the whole tract, where he (or those under whom he claims title) was a joint owner with the complainant, or those under whom he claims title. See *Pilow* v. *Southwest, etc. Imp. Co., supra.*"

The cases of *Johnston* v. *Va. Coal & I. Co.,* 96 Va. 158, 31 S. E. 85, and *Preston* v. *Mining Co.,* 107 Va. 245, 57 S. E. 651, relied on by defendants, are not in conflict with the decisions we have cited. In those cases, if the relation of tenant in common between the parties was ever established, it had ceased to exist, and the stranger who bought and took possession of the whole tract had acquired his superior and wholly independent title by reason of his adversary possession for the statutory period. In the instant case, the defendants contend that complainant's claim of an interest in the land was barred by their adverse holding for the statutory period. At the time (September, 1896) that the defendants bought from complainants' cotenants, she was an infant under twenty-one years of age. She had ten years from the time she became of age in

which to bring her suit. Code, 1904, sec. 2917. She was born April 15, 1882. She therefore became of age April 15, 1903, and she instituted this suit on the 24th day of August, 1912, which was within ten years from the time she became of age. In the light of these facts, it is unnecessary to consider other reasons relied on by complainant to show that her claim was not barred by the statute of limitations.

The defendants having no title by reason of their adversary possession, and the parties, plaintiff and defendants, being still tenants in common of the land in question, the complainant clearly had the right to maintain this suit for partition.

There is no error in the decree appealed from, and it is affirmed.

*Affirmed.*