# CASES DECIDED

IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

### Wytheville.

## ARENDALL AND OTHERS v. ARENDALL AND OTHERS.

June 8, 1916.

Absent, Cardwell, J.

1. HOMESTEAD—*Setting Apart—Conclusiveness—Partition.*—The assignment to a widow, at her instance, by a court of general jurisdiction, of land of her husband as a homestead is conclusive upon her and those claiming under her that the land so assigned was the property of her husband and not of herself, and her holding of the homestead thereafter was in privity with and in subordination to the title of her husband, and upon her death the land descended to his heirs as coparceners, who are entitled to partition thereof.

2. JUDGMENTS—*Collateral Attack—Assignment of Homestead.*—The assignment of a homestead is the exercise of the probate jurisdiction of the court. Its judgment imports verity and is not subject to collateral attack.

Appeal from a decree of the Circuit Court of Halifax county. Decree for the defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Guthrie & De Jarnette* and *Harrison & Long,* for the appellants.

*Benj. Watkins Leigh* and *John Martin, Jr.*, for the appellees.

WHITTLE, J., delivered the opinion of the court.

Appellants, who are heirs at law of James W. Arendall, deceased, filed their bill in the Circuit Court of Halifax county against the remaining heirs and others claiming in privity with them, for partition of 405 acres of land of which the decedent is alleged to have died seized and possessed in the year 1871. The circuit court was of opinion that the purpose of the suit was to try title to the land, and from a decree dismissing the bill for want of jurisdiction this appeal was granted.

The controversy over the ownership of the land was whether it belonged to James W. Arendall or to Lucy A. Arendall, his wife. No conveyance to either of them was produced or proved. The defendants sought to show that the wife derived the property by gift from her father, W. S. Barksdale, and, over the objection of plaintiffs, abundant hearsay evidence to that effect was adduced. On the other hand, it appeared that James W. Arendall went into possession of the land in the year 1850, and continued in possession as the unchallenged owner until his death in 1871. The land was charged to him on the land books in fee simple during that time, and for several years after he died to his estate, and then was transferred to Lucy A. Arendall as life tenant; and, presumably, the taxes were paid by him until his death.

It also appears from the record that after his death the County Court of Halifax county, at its June term, 1871, made the following order: "On the motion of Lucy A. Arendall, widow of James W. Arendall,

deceased, and it appearing to the court that the said James W. Arendall was a housekeeper and head of a family, and died since the adoption of the Constitution of Virginia, without having availed himself of the homestead provision of said Constitution," it was ordered that "five commissioners" (naming them) "any three of whom may act, assign a homestead exemption to the said Lucy A. Arendall and her children under the act of assembly, and make report to this court." The commissioners set apart the 405 acres and certain personal property belonging to James W. Arendall's estate as a homestead to his widow and children, which report and assignment were returned to the court and admitted to record. The widow took possession of the land thus assigned to her as a homestead, and continued in possession of it until her death in 1906. This proceeding was had at the instance of Mrs. Arendall in a court of general jurisdiction, and its findings and order setting apart to her the land and other property of the estate of her late husband are conclusive upon her and those claiming through her. The assignment of a homestead is the exercise of the probate jurisdiction of the court. Its judgment imports verity, and is not amenable to collateral attack. *Saunders* v. *Link*, 114 Va. 285, 76 S. E. 327; *Moomaw* v. *Jordan*, 118 Va. 414, 87 S. E. 569; 16 Cyc. 684; *Kearney* v. *Kearney*, 72 Cal. 595-6, 15 Pac. 769.

"A probate order setting aside a homestead for a widow and children cannot be assailed collaterally." Waples on Homestead Exemption, 627.

Our conclusion from the foregoing summary is that the title of Lucy A. Arendall to the land in question was not an adverse independent title to that of James W. Arendall, but was in privity with and in subordination to the title of her husband, (*Hulvey* v. *Hulvey*, 92

Va. 185, 188, 23 S. E. 233); that upon his death the land, subject to her life estate of homestead therein, descended to his heirs as coparceners; and that her estate having terminated by her death, appellants are entitled to have partition of the land in accordance with the prayer of their bill. *Dillard* v. *Jefferies*, 118 Va. 81, 86 S. E. 844.

The decree appealed from, therefore, must be reversed, and the case remanded for further proceedings to be had therein in conformity to the views expressed in this opinion.

*Reversed.*