Syllabus.

# Wytheville.

## QUEENSBURY AND OTHERS V. VIAL AND OTHERS.

### June 13, 1918.

1. WILLS—*Probate—Judgment of Clerk.*—The clerk in admitting a will to probate acts in a judicial capacity, and the order made by him admitting or rejecting the will is as much a judgment as though entered by a court. His judgment is a judgment *in rem* whose validity can be drawn in question only by appeal in the manner and within the time prescribed by law. It cannot be collaterally assailed.

2. WILLS—*Probate—Judgment of Clerk—Case at Bar.*—The judgment of the clerk entered in the instant case with reference to the paper offered as a will was that "the clerk doth admit the same to probate as and for the last will and testament of" the testatrix. The adjudication of the clerk that the paper is the true last will and testament of the testatrix was an adjudication not only that the will was duly executed, but of all other questions necessary to the validity of the testamentary act, and this adjudication could not be assailed except in the manner pointed out by the statute. If for any cause the appellants desired to contest that adjudication the statute gave them an appeal of right within one year. This appeal, if taken, would have transferred the case to the circuit court of the county, and the statute declares that when so transferred the court should hear and determine the matter as if it had been presented to said court in the first instance, that is to say, there would have been a trial *de novo*. Section 2542, Code of 1904, provides how such trials shall be conducted.

3. WILLS—*Probate—Jurisdiction of Equity.*—Courts of equity have no inherent jurisdiction to set aside wills on the ground of fraud, undue influence, or lack of testamentary capacity on the part of the testator. Jurisdiction of these questions is to be found solely in the statute on the subject. Code 1904, section 2544.

4. WILLS—*Probate—Devisavit Vel Non.*—A bill praying for an issue *devisavit vel non* cannot be filed where the will has been admitted to probate before the clerk and no appeal has been

> taken, nor can it be filed where the persons interested in the probate have been summoned and contested the validity of the will.

Appeal from a decree of the Circuit Court of Chesterfield county. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*O'Flaherty, Fulton & Byrd,* for the appellants.

*Haskins Hobson,* for the appellees.

BURKS, J., delivered the opinion of the court.

The will of Elizabeth W. Rudolph was admitted to probate before the clerk of the Circuit Court of Chesterfield county, in his office, on January 15, 1915. No appeal was taken from the order of probate, but in October, 1916, the present suit was brought by the appellants to set aside and annul the will on the ground of lack of mental capacity to make a will, and of undue influence exerted over the testatrix by Hilda H. Vial, who was the sole legatee and devisee under the will. The bill charges that the paper admitted to probate "is not in fact the will of the said Eliza W. Rudolph, for the reason that she was not of sound and disposing mind and memory because of her extreme age, and the undue influence exerted upon her by the said Hilda H. Vial in her interest, and that the said paper does not represent the true will of the said Eliza W. Rudolph." And the prayer of the bill is, amongst other things, that the paper so admitted to probate as her will "be declared invalid and of no effect, and be decreed not to be the last will and testament of the said Eliza W. Rudolph, and that the same be set aside and annulled . . . and that an issue out of chancery

be had." The bill was filed by some of the next of kin of the testatrix, and the only defendants thereto were Hilda Vial and her husband. The defendants demurred to the bill, and their demurrer was sustained, and the bill dismissed at the cost of the complainants. From that decree this appeal was taken.

The principal ground of the demurrer was that, as no appeal had been taken from the order of probate, the court of chancery was without jurisdiction to entertain the bill. The authorities chiefly relied upon to sustain the demurrer was *Saunders* v. *Link,* 114 Va. 285, 76 S. E. 327; *Ramsey* v. *Dodd,* 114 Va. 295, 76 S. E. 315; *Tyson* v. *Scott,* 116 Va. 243, 81 S. E. 57. We might content ourselves with simply affirming the decree of the court below upon the authorities cited, as we regard them as conclusive of the instant case, but for the fact that counsel for the appellants in the petition for the appeal state, "that if such is the understanding of these decisions they should be reviewed and made clear."

The opinion of Judge Whittle in *Saunders* v. *Link, supra,* is so clear and satisfactory, and so well supported by authority, that we hesitate to attempt to make it clear lest in the attempt we should obscure that which appears to us to be so plain.

As said in *Gooch* v. *Suhor,* 121 Va. 35, 92 S. E. 843, "the probate jurisdiction of clerks and of the Virginia courts is purely statutory; and the statute bestowing the authority defines the limits of its exercise. The statute confers no general equity jurisdiction." Courts of equity have no inherent jurisdiction to set aside wills on the ground of fraud, undue influence, or lack of testamentary capacity on the part of the testator. Jurisdiction of these questions is to be found solely in the statute on the subject.

The clerk in admitting a will to probate acts in a judicial capacity (*McCurdy* v. *Smith,* 107 Va. 757, 60 S. E. 78), and the order made by him admitting or rejecting the will is

as much a judgment as though entered by a court. His judgment is a judgment *in rem* whose validity can be drawn in question only by appeal in the manner and within the time prescribed by law. It cannot be collaterally assailed. The judgment of the clerk entered in the instant case with reference to the paper offered as a will is that "the clerk doth admit the same to probate as and for the last will and testament of said Eliza W. Rudolph, deceased, and doth order the same to be recorded." The adjudication of the clerk that the paper is the true last will and testament of the testatrix was an adjudication not only that the will was duly executed, but of all other questions necessary to the validity of the testamentary act, and this adjudication could not be assailed except in the manner pointed out by the statute. If for any cause the appellants desired to contest that adjudication the statute gave them an appeal of right within one year. This appeal, if taken, would have transferred the case to the circuit court of the county, and the statute declares that when so transferred the court should hear and determine the matter as if it had been presented to said court in the first instance, that is to say, there would have been a trial *de novo.* Section 2542 provides how such trials shall be conducted. As hereinbefore pointed out, a court of equity has no inherent jurisdiction to try the question of undue influence or want of mental capacity, and the only statutory jurisdiction conferred on the court was that given by section 2544 of the Code. Under this section, where there has been an *ex parte* probate, in a court, any person interested who is not a party to the proceeding may, within two years, file a bill to impeach or establish the will. A bill praying for an issue *devisavit val non* cannot be filed where the will has been admitted to probate before the clerk and no appeal has been taken, nor can it be filed where the persons interested in the probate have been summoned and contested the validity of the will. This subject has been

so fully and satisfactorily treated in the cases above cited that it is not deemed necessary to do more than to refer to them.

For these reasons, the decree of the circuit court is affirmed.

*Affirmed.*