Edward BOONE, Plaintiff,

v.

Joseph CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 78–74–NN.

United States District Court, E. D. Virginia, Newport News Division.

Oct. 3, 1978.

Latricia C. Donley, Newport News, for plaintiff.

William B. Cummings, U. S. Atty., E. D. Va., Norfolk, Va., for defendant.

## OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court for review of a final decision by the defendant, Secretary of Health, Education and Welfare, pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and the defendant's motion for summary judgment.

As developed by the Administrative Law Judge and as set out in the pleadings, the facts are as follow. Plaintiff, who applied for and was found eligible for supplemental security income benefits, was notified on September 15, 1976, that his monthly benefit check would be reduced by $12.57 due to his living rent-free in a house belonging to his two sons.

The property in question is a house that belonged to plaintiff and his wife until March 4, 1975, when for nominal consideration the property was transferred to plaintiff's sons, Berlon and Arthur Boone. Subsequently, plaintiff and his wife separated; and plaintiff has continued to live in the house free of charge.

Upon plaintiff's request for a reconsideration, the initial decision was affirmed. At a hearing *de novo* before an Administrative Law Judge, both plaintiff and his son Berlon testified that their intent in conveying the property was to allow the plaintiff to continue to live on the property with a life tenancy. However, according to their testimony, the attorney who drafted the document conveying title failed to reflect his client's intent. The deed on its face conveys a fee simple estate to the two sons.

In a decision dated June 29, 1977, the Administrative Law Judge found that the plaintiff's intent to retain a life estate should be controlling and, therefore, plaintiff's benefits should not be reduced based on the fact that he was living rent-free in a house owned in fee by his sons.

On January 10, 1978, the Appeals Council notified plaintiff that it had decided to reopen the case. In a decision dated March 3, 1978, the Appeals Council found that because the plaintiff failed to reserve a life estate interest in the property and because the property in which plaintiff lives rent-free is owned solely by his sons, the plaintiff is receiving support and maintenance in the form of a rent subsidy. Therefore, the Council found that plaintiff's benefit payment was subject to reduction due to plaintiff's receipt of unearned income in the form of in-kind support. This decision, reversing the Administrative Law Judge, became the Secretary's final decision.

The Court's role in such a case under section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), is limited to the same standard of review as set out in section 205(g) of the Act. 42 U.S.C. § 405(g). Section 205(g) provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." *Id.; Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Mitchell v. Gardner,* 123 U.S.App. D.C. 195, 358 F.2d 826 (1966). Moreover, this statutory restriction on judicial review also applies to inferences reasonably drawn from such facts. *Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973); *Vineyard v. Gardner,* 376 F.2d 1012 (8th Cir. 1967); *Strickland v. Califano,* 447 F.Supp. 410 (W.D.Ark.1978).

A fundamental principle in the interpretation of deeds is that the expressed intention of the parties should govern unless the language renders it impossible to give ef-

fect to the intention. While the construction put on contractual language by the parties is entitled to great weight, *Holland v. Vaughan*, 120 Va. 324, 91 S.E. 122 (1917), in the normal situation where a deed contains no ambiguities, parol evidence is not admissible to show the construction given the language by the parties. *Dillard v. Jefferies*, 118 Va. 81, 86 S.E. 844 (1915). Nevertheless, it is true that where there is an allegation of mutual mistake, the courts have jurisdiction to reform the instrument so as to give effect to the true intent of the parties, despite a contrary intent reflected by a writing. *Gibbs v. Price*, 207 Va. 448, 150 S.E.2d 551 (1966). Were this an action to reform the subject deed, such a reformation might be proper.

As noted above, however, the Court's function in this proceeding is limited to a determination of whether the Secretary's finding is supported by substantial evidence. This Court finds that it is so supported and must affirm. The deed purported in clear, unambiguous language to transfer the plaintiff's title in fee to his two sons. Although there appears no conflict between the testimony of the plaintiff and his son as to the plaintiff's intent to retain a life estate in the conveyed property, the Court cannot say that the clear language of the deed is not substantial evidence. *Cf.* Va.Code § 8.01–389.C. (recitals of any fact in a deed conveying any interest in real property shall be prima facie evidence of that fact). This is buttressed by the fact that as noted both by the Administrative Law Judge and the Appeals Council, the plaintiff and his sons had, and continue to have, a clear and simple means of effecting their true intention.

Thus, for the reasons stated, this Court finds the Secretary's final decision supported by substantial evidence in the record considered as a whole, and AFFIRMS the Secretary's decision by granting and hereby does GRANT the defendant's motion for summary judgment.