### 4337. HADDEN v. CHEROKEE SAWMILL CO.

HILL, C. J. The petition alleged that a servant discovered a defect in the machinery which he was using, and called the master's attention to the defect, and the master promised to repair it, and the servant, relying upon the promise, continued to use the defective machinery. *Held:* (1) It was the master's duty to exercise diligence in making the necessary repairs. (2) Whether the servant was guilty of contributory negligence in continuing his work with the defective machinery, relying upon the master's promise to repair, was a question of fact for the jury, to be determined according to the evidence as to the serious character of the defect, and the danger, obvious or otherwise, in continuing to use it in its defective condition, and also the delay of the master in complying with his promise to repair. *Shue* v. *Central Ry. Co.*, 6 *Ga. App.* 714 (65 S. E. 697); *Cheeney* v. *Ocean Steamship Co.*, 92 *Ga.* 726 (19 S. E. 33, 44 Am. St. R. 113); 9 Rose's Notes on U. S. Reports, 814, 815. The court erred in dismissing the petition on demurrer.

*Judgment reversed.*

DECIDED JANUARY 22, 1913.

Action for damages; from city court of Thomasville—Judge W. H. Hammond. July 8, 1912.

The petition alleged, that on December 22, 1911, while the plaintiff was at his proper place of work, attending to his duties in the operation of a gang-machine, as an employee of the defendant sawmill company, being about 8 or 10 feet in front of the saws and feeding the saws, one of the gang-saws at which he was at work caught up and threw with terrific force through the air a piece of pine wood, striking him on his left hip and inflicting injuries described; that the defendant was negligent, in that it did not exercise ordinary care in furnishing such machinery as is generally used and reasonably adapted to the use to which it was put, in that the mandrel to which was fastened the saw that picked up and hurled the piece of wood against the plaintiff was bent and warped, and, on account of this bent and warped condition of the mandrel, the saw would not run plumb, and would run in a wobbling or zigzag manner, and, because thereof, it picked up and hurled the piece of wood as aforesaid; that if the said mandrel had been in proper condition and had been of such machinery as is in general use, and reasonably adapted to the use for which it was used, it would not have picked up and hurled the piece of wood, and the injury would not have occurred; that the plaintiff had more than once complained to the defendant and its superintendent, who was in charge of the mill and of said work at

the time, about the condition and dangerousness of the said mandrel; and the defendant, speaking through its said superintendent, each time promised the plaintiff that the defendant would furnish another and suitable mandrel, or have the one then in use repaired and made good; that the plaintiff made this complaint to the superintendent only a few days—not more than five days—prior to the injury, and the promise at that time was again made by the superintendent to repair the said mandrel or furnish another; and the plaintiff relied on this promise and continued his work as aforesaid; and that it was impossible for him by any kind of diligence to have prevented the injury.

*Shipp & Kline,* for plaintiff.

*Roscoe Luke, Louis Moore, Little & Powell,* for defendant.