10434.  USRY *v.* AUGUSTA SOUTHERN RAILROAD CO.

1, 2. Declarations of the defendant company's foreman in charge of the work in which the plaintiff was engaged when injured, to the effect that ,the injury was due to the breaking of a certain chain, and that he "had been after the company" for a year to furnish new chains and it would not do so, were not admissible in favor of the plaintiff as a part of the res gestæ, or as admissions made by an alter ego of the defendant.

3. The statement of the foreman, as to his request to the company to furnish new chains and the failure to do so, was not admissible on the ground that it was a part of a conversation brought out on cross-examination by the defendant's counsel. It was disconnected from the part of the conversation thus elicited.

4. Testimony that, after the injury, supporting pillars were put under the car which had fallen and injured the plaintiff was properly rejected.

5. Under the evidence in this case it can not be held, as a matter of law, that the dangers incident to the work in which the plaintiff was engaged when injured and which he had been ordered to do by the defendant's foreman, who knew that he was an inexperienced laborer, were so obvious as to preclude a recovery by him. Whether the car under which the plaintiff was shoveling dirt when it fell and injured him was negligently propped up, and whether the giving of the order by the foreman constituted negligence, were questions for the jury; and the court erred in granting a nonsuit.

DECIDED FEBRUARY 7, 1920.

Action for damages; from Glascock superior court—Judge Walker. February 20, 1919.

*L. D. McGregor, Hill & Adams,* for plaintiff.

*Barrett & Hull, E. B. Rogers,* for defendant.

SMITH, J. 1. Where one who was engaged in work underneath a flat-car was injured by reason of the car falling upon him, and afterwards was removed some six or eight feet from the car, in a suit by him against the railroad company it was not error to refuse to allow him to testify that about an hour or half an hour after his injury he had a conversation with the foreman in charge of the work as to where he would rather be carried for treatment, and at that time and in that conversation the foreman told him the injury was due to the breaking of the chain, and "that he [the foreman] had been after the company for a year to furnish him with new chains, and they would not do it." This was not admissible as a part of the res gestæ. At the most the statements of the foreman, made an hour or half an hour after the plaintiff's injury, were a mere narrative of a past occurrence, coupled with a

declaration as to requests made by him to the company during the past year. The statements were made deliberately. It cannot be said that they were exclamatory and proceeded from him as a part and parcel of the catastrophe. Moreover, the foreman had not been hurt; he was suffering no pain, and no shock had deadened his reflective faculties so as to make his utterances spontaneous and unreflecting. Generally, "whether statements claimed to be a part of the res gestæ are really such is a question of law to be determined by the court" (*Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1 (5) (54 S. E. 911) ; and "it is well settled that there can be no definite and fixed limit of time, but that each case must depend upon its own circumstances; 'for what is the res gestæ of a given transaction must depend upon its own peculiarities of character and circumstances. Courts must be allowed some latitude in this matter.' *Mitchum* v. *State,* 11 *Ga.* 615, 623." *Standard Oil Co.* v. *Reagan,* 15 *Ga. App.* 571, 580 (84 S. E. 69, 73). Under these circumstances we are constrained to sustain the ruling of the trial judge in rejecting the proffered testimony above referred to. See, in this connection, Civil Code (1910), § 5766; *Southern Railway Co.* v. *Sewell,* 18 *Ga. App.* 544 (4) (90 S. E. 94) ; *Carswell* v. *State,* 10 *Ga. App.* 32 (72 S. E. 602) ; *White* v. *Southern Ry. Co.,* 123 *Ga.* 353, and cases cited on page 358 (51 S. E. 411, 414) ; *Western & Atlantic R. Co.* v. *Beason,* 112 *Ga.* 553, 557 (37 S. E. 863), and cit.

2. The foregoing ruling that the statements of the foreman were not a part of the res gestæ disposes of the contention that they were admissible as admissions made by him as the alter ego of the defendant company concerning the business which he was employed to look after, and while he was engaged in the performance of his duties, since, "under the rule governing in this State, the sayings of an agent are admissible against the principal only upon the theory that they are a part of the res gestæ." *Atlantic Coast Line R. Co.* v. *Williams,* 21 *Ga. App.* 453, 455 (94 S. E. 584, 585). "The declarations or admissions of an agent, unless part of the res gestæ, do not bind the principal, and in a suit against the principal have no probative value." *Georgia Railway & Electric Co.* v. *Harris,* 1 *Ga. App.* 714 (2) (57 S. E. 1076). See also Civil Code (1910), § 3606.

3. Neither was the statement of the foreman that "he had been

after the company for a year to furnish him with new chains, and they would not do it," admissible on the ground that it was part of the same conversation between the plaintiff and his foreman which had been brought out on cross-examination by defendant's counsel, as this statement was disconnected from that part of the conversation elicited, which was as follows: "After I was hurt Mr. Phillips [the foreman] offered to bring me to Gibson to some physician, or to Avera. He said it was not far from train time. I said 'I want to go home; if I have to go to a doctor I want Dr. Kelly.' Mr. Phillips wanted to help me all he could. I was treated by Dr. Kelly, who is my family physician." It is true that "where one litigant offers in evidence an admission, in a conversation or document, of a fact disadvantageous to the other, he thereby makes admissible all such other parts of the conversation or document as may tend to explain or qualify the part first introduced in evidence." but "matters in such conversations or documents otherwise irrelevant, and wholly disconnected with the part first offered, are not thereby made admissible." *Brown* v. *State,* 119 *Ga.* 572 (4, 5) (46 S. E. 833). "Matters wholly disconnected from the admission first offered are not admissible, even though they may be a part of such conversation." *Crawford* v. *Citizens & Southern Bank,* 20 *Ga. App.* 576 (2) (96 S. E. 173).

4. Testimony to the effect that supporting pillars were put under the derailed car when it was again jacked up after plaintiff was injured was incompetent and was properly rejected by the trial judge. "Evidence in behalf of the plaintiff, that, after the collapse of a scaffold, resulting in the death of her son, the defendant took additional precaution in the rebuilding of the scaffold, to prevent others from being likewise injured, was properly rejected, although offered in rebuttal of the contention that the defendant had provided him with a scaffold 'equal to those in general use and reasonably safe.' Such evidence cannot logically be considered as in effect an admission that the defendant was negligent in not sooner observing such precautions." *Mitchell* v. *Schofield's Sons Co.,* 19 *Ga. App.* 201 (2) (91 S. E. 275). See also *Georgia Southern & Florida Ry. Co.* v. *Cartledge,* 116 *Ga.* 164 (42 S.E. 405, 51 L. R. A. 118); *Central Ry. Co.* v. *Price,* 121 *Ga.* 651, 658 (49 S. E. 683).

5. "A servant is bound to obey a command, when given as

such, by one occupying the relation of vice-principal to the master, if it pertains to the duties of the servant's employment and does not involve a violation of the law, and if the act required is one which is of itself so obviously dangerous that no person of ordinary prudence could be expected to perform it. If, under the circumstances existing at the time of its issuance, the giving of such an order constitutes an act of negligence, but the servant, acting under the duty and obligation thus resting upon him, proceeds to execute the command, and is injured as a consequence, the master is liable in damages to the servant for the injuries so sustained." *Whiters* v. *Mallory S. S. Co.*, 23 *Ga. App.* 47 (97 S. E. 453). See also *Moore* v. *Dublin Cotton Mills*, 127 *Ga.* 609, 616 (56 S. E. 839, 10 L. R. A. (N. S.) 772; *Holsey* v. *Macon, D. & S. Railroad Co.*, 6 *Ga. App.* 637, 641 (65 S. E. 690), and cases there cited; *Grant* v. *Royster Guano Co.*, 15 *Ga. App.* 758 (2) (84 S. E. 161).

(a) It appearing from the petition and the evidence that the plaintiff was known to the alter ego of the defendant as an inexperienced laborer at the time he was employed to assist in rerailing a derailed flat-car, the weight of which was resting upon two jacks only, one on each side thereof, and that he was nevertheless ordered by the alter ego in charge of the work to go under the car for the purpose of shoveling out dirt, and while so engaged the car fell off the jacks and injured him, it cannot be held, as a matter of law, that the dangers incident to the work were so obvious to an inexperienced man as to preclude a recovery. Whether or not the car was negligently propped or jacked up, and whether or not the giving of the order constituted an act of negligence, were, under the evidence, questions for determination by the jury; and the court erred in granting a nonsuit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*