11385. SAVANNAH WAREHOUSE & COMPRESS CO. *v.* HAYES.

SMITH, J. 1. "A servant is bound to obey a command, when given as such by the master, if it pertains to the duties of the servant's employment and does not involve a violation of the law, and if the act required is not one which is of itself so obviously dangerous that no person of ordinary prudence could be expected to perform it." *Hodges* v. *Murkison,* 24 *Ga. App.* 739 (102 S. E. 134), and cases cited. See also *Usry* v. *Augusta Southern R. Co.,* 24 *Ga. App.* 722 (102 S. E. 184).

2. Testing the petition in this case by the foregoing ruling, a cause of action was set out, as the facts alleged raised for determination by the jury the questions as to whether the order as given to the plaintiff by the alter ego of the defendant was a negligent one, and whether the act required under the assurance given was one which of itself was so obviously dangerous that no person of ordinary prudence could be expected to perform it. The court, therefore, properly overruled the general demurrer; and such of the special grounds of the demurrer as were meritorious were met by appropriate amendments.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1920.

Action for damages; from Chatham superior court — Judge Meldrim. February 19, 1920.

The petition as amended alleges, in substance: The plaintiff was employed by the defendant as a brickmason and was engaged in laying a hollow-tile sewer in a ditch on the defendant's premises. The ditch about 5 feet wide at the top, 3½ feet wide at the bottom, and about 7 feet deep, and had been dug by the defendant under a cement pavement, and in excavating for the sewer the defendant did not remove the cement pavement, but left it overhanging the excavation. The cement pavement was about 5 feet wide and 5 inches thick, and the segment across the ditch weighed about 1,100 pounds, and this weight, together with the weight of persons passing over it and its improper sloping, tended to cause the earth at the top of the excavation to break off and fall in large lumps. It is alleged that ordinary care required that the defendant should have had the walls of the excavation shored at the point where it passed under the cement pavement. While the plaintiff was laying the sewer under the pavement a lump of earth about the size of "a wheelbarrow full, broke off at the top of the ditch," and fell, striking him upon the neck and knocking him to the ground, with the result that there developed "progressive paralysis" in his right side, beginning with his right arm and extending over his entire

right side, causing, in addition to the inability to use his limbs, an impediment in his speech and an impairment of his eyesight. On approaching the cement pavement and before laying the sewer under it, the plaintiff called the attention of Mr. Culver, the defendant's foreman and alter ego, to the condition of the walls of the excavation, and the foreman, after examining the pavement and the walls of the excavation, advised the plaintiff that it was safe, and ordered him to proceed with the work. It is alleged that the plaintiff was not "skilled in the weights of earth," and did not know whether the earth overhanging the excavation would fall, but relied upon the skill and knowledge of the defendant, and the assurance that the earth would not fall; that he did not dig the ditch in which he was ordered to work, and did not know of the unsafe condition of the ditch at the point where the cement sidewalk crossed it, and " did not have equal means of knowing and by the exercise of ordinary care could not have known of said defective condition of the sides of the ditch, and of the dangers incident to working at the point where he was injured," but that the defendant knew or by the exercise of ordinary care could have known thereof. The petition charged the defendant with negligence in the following particulars: (a) in failing to furnish the plaintiff with a safe place to work; (b) in failing to have the sides of the ditch under the pavement properly sloped; (c) in failing to shore the walls of the excavation. The defendant demurred generally and specially, the court overruled the demurrers, and the defendant excepted.

*O'Byrne, Hartridge & Wright,* for plaintiff in error.
*Osborne, Lawrence & Abrahams,* contra.