18394.   BRADY *v.* BUGG, receiver.

DECIDED MARCH 16, 1928.

*R. D. Feagin* and *J. F. Urquhart,* for plaintiff.

*Brandon & Hynds, John B. Guerry, J. B. Wall, A. C. Garden,* for defendant.

JENKINS, P. J.   This was a suit for personal injuries to a railway employee, brought under the Federal employer's liability act. The petition shows that the plaintiff was injured while undertaking, alone and unaided, to move a push-car, weighing about 1,000 pounds and used for carrying coal, from the elevated side-track of the railway down to its main line.   It appears that the plaintiff sought to move the push-car because the side-track had become blocked by a locomotive between the coal bins and the pumping station.   While the petition alleges that the plaintiff had previously complained to the defendant about being required to transport coal from the coal-chute to the pumping station operated by the plaintiff, and that the defendant had instructed him to continue this portion of his duties and employment, it does not appear that this complaint was based upon any danger which might result from such work, nor does it appear that the defendant had promised to rectify the condition complained of.   It is alleged that since the push-car on the side-track at the coal-chute was blocked in by the switch-engine left on the side-track, the plaintiff, in order to procure coal to operate

the pumping station, undertook to move the push-car from the side-track (elevated about four feet above the main line) down to the main line; that after having lifted the push-car off the side-track and after having headed it down the embankment, with its front wheels abutting the first rail of the main track, and the body of the car resting up against the inclined side of the embankment, he undertook to lift the front end of the push-car so as to place the car upon the track of the main line, and that when he was so doing the excessive weight of the car caused it to run down the embankment and against him, causing the injuries complained of. It is alleged that the push-car was deceptive as to its weight, and that the plaintiff did not know that it was beyond his capacity to move, but that the defendant did. The petition was dismissed on general demurrer, and the plaintiff excepted.

1. While it is true that in actions brought under the Federal employer's liability act for personal injuries received by an employee of a railway company, contributory negligence of the employee will not bar a recovery, but in such cases the damages are to be diminished in proportion to the amount of negligence attributable to him, still in such cases, except where there is a violation of an act for the protection of employees, the defense of assumption of risk is available to the defendant, and when established is an absolute defense. *Hightower* v. *Southern Ry. Co.,* 146 *Ga.* 279 (91 S. E. 52, L. R. A. 1917C, 481); *Emanuel* v. *Georgia &c. Ry. Co.,* 142 *Ga.* 543, 546 (83 S. E. 320); *Southern Ry. Co.* v. *Blackwell,* 20 *Ga. App.* 630 (93 S. E. 321); Seaboard Air-Line Ry. v. Horton, 233 U. S. 492 (58 L. ed. 1062, 34 Sup. Ct. 635, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475).

2. The petition does not set forth anything that would render applicable the doctrine relative to the giving of a negligent order by a master to a servant (for a discussion of this principle see *Central of Ga. Ry. Co.* v. *Lindsey,* 28 *Ga. App.* 198, 199 (2), 110 S. E. 636), or the doctrine which might permit a servant, with knowledge of a dangerous situation, to proceed with the performance of his duties for a reasonable time, relying upon the promise of the master to rectify the dangerous condition complained of. *Evans* v. *Central Ry. Co.,* 36 *Ga. App.* 58 (2), 60 (135 S. E. 760).

3. The situation was one which arose not on account of any sudden emergency, but because of voluntary acts and conduct of

50

the plaintiff, which the master could not be presumed to have anticipated. A servant is presumed to know of the existence of the ordinary natural laws of universal application. *Williams* v. *Atlantic Coast Line R. Co.*, 18 *Ga. App.* 117 (89 S. E. 158). Nothing is shown to indicate how the difficulty in lifting the push-car, on account of its weight, could have been unknown to the plaintiff, who had just previously been engaged in lifting the same instrumentality. Whatever risk the plaintiff saw proper to thus assume was necessarily incident to his employment, and for its consequences the defendant could not be held liable. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Stephens, J., concurs. Bell, J., disqualified.*